Lawrence A. **POKLUDA**, Appellant,

v.

**GARDNER–DENVER COMPANY,**
Appellee.

No. 22307.

United States Court of Appeals
Fifth Circuit.

March 18, 1966.

Leonard B. Melvin, Jr., Melvin, Melvin & Melvin, Laurel, Miss., for appellant.

C. Denton Gibbes, Jr., Welch, Gibbes & Graves, Laurel, Miss., for appellee.

Before BROWN, BURGER,* and WISDOM, Circuit Judges.

BURGER, Circuit Judge:

Appellant sued in the United States District Court for the Southern District of Mississippi for $250,000 damages for permanent injuries sustained while working under the direction of Defendant-Appellee's service specialist. He appeals from the District Court's summary judgment for Defendant. Jurisdiction was predicated upon diversity of citizenship and was not challenged. The parties agree that the case on the merits must be governed by the law of Mississippi.

From the facts in the declaration, Plaintiff's deposition, and two supporting affidavits submitted by Plaintiff, the following emerges: At the time of the

---

* Of the District of Columbia Circuit, sitting by designation.

**656**

incident described in the declaration, Plaintiff was employed by Jett Drilling Co. as derrick man. Eighteen months earlier Jett had bought a mud pump from Defendant. During the intervening time the fluid end of the pump had never been removed. Pursuant to its responsibility to maintain the mud pump, Defendant sent its service specialist, Eyster, to the location of the rig and pump to supervise the changing of the fluid end. Plaintiff and his co-employee J. H. Germany were assigned by the tool pusher to perform this work under Eyster's direction. Plaintiff had never done this work before. To remove the fluid end the workers had to loosen and remove 48 Allen stud bolts which secured the discharge manifold and fluid cylinders to the pump. Some of these were very difficult to remove. Eyster supplied and directed Plaintiff and Germany to use a wrench and six-foot "cheater" (an iron pipe which was slipped over the end of the wrench for added leverage), while Eyster used a sledge hammer on many of the bolts to loosen them. The bolts were then washed in diesel fuel to clean the threads. The next day Plaintiff was instructed to replace and tighten the bolts. At Eyster's direction he used a two-foot "cheater" and tightened each bolt until Eyster told him to stop. He had tightened almost all of the bolts when the head of the bolt he was tightening broke, causing Plaintiff to fall backward onto the tread of a caterpillar tractor parked nearby and be injured.

The District Court gave several reasons for granting Defendant's motion for summary judgment. First, he held the suit was premised on a theory of implied contract and warranty and therefore barred by Mississippi's three-year statute of limitations for action on a contract. Second, he held that recovery on this theory was barred by the lack of privity between Plaintiff and Defendant. Finally, he apparently held that, if the action was predicated on a negligence theory, it is precluded by the "simple tool" doctrine.

Plaintiff's lack of prior experience with removing the fluid end of a mud

pump, coupled with Eyster's extensive experience with this operation and his detailed direction of Plaintiff's work (to the extent of telling him when to stop tightening the bolts), and what the District Judge described as the "very extraordinary treatment [of the bolts] * * * by a sledge hammer," are persuasive to us that the "simple tool" doctrine is inapplicable. If the actual evidence received on the trial bears out the facts revealed on summary judgment, a jury could reasonably find Plaintiff's injuries to have been caused by the negligence of Defendant's employee. The cause must be remanded for further consistent proceedings. Robbins v. Milner Enterprises, Inc., 5 Cir., 1960, 278 F.2d 492, 496-497, 497 n. 5; cf. Carss v. Outboard Marine Corp., 5 Cir., 1958, 252 F.2d 690.

Reversed and remanded.