Allen T. GUEDRY, Jr., Plaintiff-Appellant,

v.

Honorable Leon FORD, III, Judge, City Court of Hammond, Louisiana, et al., Defendants-Appellees.

No. 28976

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 9, 1970.

Rehearing Denied Oct. 5, 1970.

---

* ■ Rule 18, 5th Circuit; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al, 5th Circuit, 1970, 431 F.2d 409, Part I.

Allen T. Guedry, Jr., pro se.

A. R. Christovich, Jr., New Orleans, La., Ronald A. Curet, Hammond, La.

Edward B. Dufreche, Asst. Dist. Atty., Ponchatoula, La., for defendants-appellees.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

We adopt and affirm the opinion and the judgment of the District Court, a copy of which is appended hereto, Rule 18 of the Rules of this Court.

Affirmed.

### APPENDIX

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

ALLEN T. GUEDRY, JR.

SECTION "A"

versus          No. 69–1676

CIVIL ACTION

HONORABLE LEON FORD, III, Judge, City Court of Hammond, Louisiana; HONORABLE EDWARD B. DUFRECHE, Assistant District Attorney, Tangipahoa Parish, Louisiana, and HOMER JOINER, SR.

CHRISTENBERRY, J.

This cause came on on a former day for hearing on the motions of defendants, Honorable Leon Ford, III, Honorable Edward B. Dufreche and Homer Joiner, Sr. to dismiss the complaint of the plaintiff, Allen T. Guedry, Jr., and for summary judgment in their favor.

Now, after considering the complaint, the affidavits submitted by the parties, the memoranda and arguments of counsel and of the plaintiff, the court now makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The plaintiff, Allen T. Guedry, Jr. and the defendants, Honorable Leon Ford, III, Honorable Edward B.

Dufreche, and Homer Joiner, Sr. are all citizens of the State of Louisiana. Defendant Ford is Judge of the City Court of Hammond, Louisiana. Defendant Dufreche is Assistant District Attorney of the City of Hammond, Louisiana. Defendant Joiner, Sr. is a private citizen.

2. The plaintiff has brought this action pursuant to the provisions of Title 42 U.S.C. § 1983 alleging that defendants conspired to deprive the plaintiff of his constitutionally protected rights, privileges and immunities. Specifically, plaintiff contends that the action of the defendants "in bringing a charge against plaintiff, prosecuting plaintiff and in finding plaintiff guilty and sentencing plaintiff to prison was the result of an unlawful conspiracy." Plaintiff further asserts that the defendants all acted under color of law.

3. Plaintiff Guedry alleges that on or about July 29, 1968, on a complaint filed by defendant Joiner, Sr., he was prosecuted by defendant Dufreche, before defendant Ford, in the City Court of Hammond, Louisiana for violating La.R.S. 14:285, which in part prohibits making repeated telephone calls in a manner reasonably expected to annoy, abuse, harass or embarrass another. Plaintiff contends he was attempting to collect a debt owed by Homer Joiner, Jr., son of defendant Joiner, Sr. Homer Joiner, Jr. did not reside at the home of his father and the purpose of the calls was to harass the father into putting pressure on his son to pay the debt.

4. The gist of the plaintiff's complaint alleging a conspiracy between the defendants is that he was charged, tried, convicted, and sentenced unfairly. Plaintiff's complaint states that defendants Ford and Dufreche acted maliciously and outside of the scope of their official duties as judge and prosecuting attorney, respectively.

5. The evidence adduced from the affidavits submitted by defendants reveals that on October 4, 1964 defendant Joiner, Sr. complained to defendant Dufreche that Guedry was making repeated telephone calls to the residence of Homer Joiner, Sr. in a manner that could reasonably be expected to annoy, abuse, harass and embarrass defendant Joiner, Sr. The defendant Dufreche, acting in his official capacity as Assistant District Attorney, prepared an affidavit charging that the plaintiff did violate La.R.S. 14:285 by making repeated telephone calls to the residence of Homer Joiner, Sr. This affidavit was executed by defendant Joiner, Sr. before defendant Ford, who accepted it in his judicial capacity as City Judge. Defendant Ford issued a warrant for the arrest of the plaintiff Guedry.

6. On November 13, 1967 the plaintiff appeared in open court before defendant Ford, who was acting in his capacity as City Judge. Plaintiff Guedry was arraigned on the charge by defendant Dufreche, acting in his capacity as Assistant District Attorney. After the plaintiff entered a plea of not guilty, the case was assigned for trial.

7. On November 20, 1967 the plaintiff Guedry was tried on the charge. Defendant Dufreche was the prosecuting attorney acting in his capacity as Assistant District Attorney. Defendant Ford, acting in his capacity as Judge, found the plaintiff guilty and imposed a fine and a jail sentence. However, the jail sentence was suspended conditioned that plaintiff would desist from making harassing telephone calls to defendant Joiner, Sr. Defendant Ford advised the plaintiff that any future calls to defendant Joiner's residence would be in violation of the law and that Guedry should employ the judicial and legal remedies available to him to collect the debt of Homer Joiner, Jr. Guedry paid the fine and no appeal was taken.

8. On June 25, 1968 defendant Joiner, Sr. executed another affidavit charging Guedry with violating La.R.S. 14:285. The affidavit was prepared by defendant Dufreche in his capacity as Assistant District Attorney. The affidavit was

accepted by defendant Ford, in his capacity as City Judge. He issued a warrant for the arrest of the plaintiff.

9. On July 15, 1968 Guedry appeared in open court before defendant Ford, who was acting in his capacity as City Judge. Guedry was arraigned on the charge by the defendant Dufreche, acting in his capacity as Assistant District Attorney. Guedry again entered a plea of not guilty and the case was assigned for trial.

10. On July 29, 1968 Guedry, represented by counsel, appeared in open court for trial. Prior to trial, a conference was held between Guedry's counsel, and defendants Ford and Dufreche. Defendant Ford was asked for an expression as to what sentence would be rendered in the event that the accused pleaded guilty. Defendant Ford stated he would need to hear the facts of the case before making a decision on what sentence to impose. Both defendants Ford and Dufreche at this time were acting in their capacities as Judge and Assistant District Attorney, respectively.

11. Plaintiff Guedry was tried on the charge. Defendant Dufreche was the prosecuting attorney acting in his capacity as Assistant District Attorney. Defendant Ford, acting in his capacity as Judge, found the plaintiff guilty and imposed a sentence of sixty (60) days in the Tangipahoa Parish Jail. No appeal was taken by the plaintiff.

12. The above facts relating to the actions of the defendants are virtually uncontroverted. Plaintiff states in his complaint that defendant Joiner's action in making the charges against him, defendant Dufreche's action in prosecuting him on the charge, and defendant Ford's action in convicting him and sentencing him to a jail sentence constituted acts in furtherance of a conspiracy.

13. On oral argument, plaintiff contended that he did not get a fair trial. He admitted he did the acts he was charged and convicted of. However, he maintained that he had a legal right to do what he did and that on a trial he would produce many people who would testify that they would have done the same thing, which, of course, is irrelevant.

14. The court finds that there is no genuine issue of any material fact.

### CONCLUSIONS OF LAW

■ 1. This court has jurisdiction of the case under the provisions of Title 28 U.S.C. § 1343.

2. The City Court of Hammond, Louisiana is a duly constituted court of law under the provisions of La.R.S. 13:1952.

3. The subject matter of the charges against the plaintiff, Allen T. Guedry, Jr. fall within the jurisdiction and purview of the City Court of Hammond, Louisiana. La.R.S. 13:1894.

■ 4. At common law, judges are protected from civil liability for judicial actions done under color of office if they have jurisdiction, even if the acts are done under authority of unconstitutional statutes. This immunity applies in actions for damages brought under Title 42 U.S.C. § 1983, as in this case.

Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967)

Beard v. Stephens, 372 F.2d 685 (5th CCA 1967)

Franklin v. Meredith, 386 F.2d 958 (10th CCA 1967)

Carmack v. Gibson, 363 F.2d 862 (5th CCA 1966)

■ 5. A prosecuting attorney when acting in his official capacity is protected by the same immunity in civil cases that is applicable to judges, provided that his acts are within the scope of his jurisdiction and by authorization of law.

Madison v. Purdy, 410 F.2d 99 (5th CCA 1969)

Carmack v. Gibson, supra

Lewis v. Brautigam, 227 F.2d 124 (5th CCA 1955)

Peek v. Mitchell, 419 F.2d 575 (6th CCA 1970)

Bauers v. Heisel, 361 F.2d 581 (3rd CCA 1966), Cert. den. 386 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457 (1967)

Friedman v. Younger, 282 F.Supp. 710 (C.D.Calif.1968)

Cf. Peterson v. Stanczak, 48 F.R.D. 426 (N.D.Ill.1969).

■ 6. At no time did the defendants Ford and Dufreche act other than in their capacity as City Judge and Assistant District Attorney, respectively. Accordingly, both are entitled to the protection of judicial immunity that is afforded judicial officers acting in the scope of their jurisdiction.

■ 7. A private person cannot be held liable under Title 42 U.S.C. § 1983 unless his wrongful action was done under color of state law or state authority. Further, a private person alleged to have conspired with a state judge and prosecuting attorney who are entitled to immunity, cannot be held liable, since he is not conspiring with persons acting under color of law "against whom [plaintiff] could state a valid claim" under 42 U.S.C. § 1983.

Haldane v. Chagnon, 345 F.2d 601, 604 (9th CCA 1965)

Shakespeare v. Wilson, 40 F.R.D. 500, 505 (S.D.Calif.1966)

Stambler v. Dillon, 302 F.Supp. 1250 (S.D.N.Y.1969)

Jemzura v. Belden, 281 F.Supp. 200, 206 (N.D.N.Y.1968)

Cf. Hall v. Garson (5 CCA 1970) 430 F.2d 430, at 439 [1970]

■ 8. Assuming all the well pleaded facts in the complaint to be true and viewing the allegations of the complaint in the light most favorable to the plaintiff, it appears beyond doubt that he can prove no set of facts in support of his claim upon which relief can be granted. Plaintiff's allegation that a conspiracy existed between all the captioned defendants is conclusionary in nature and unsupported by any pleaded facts and hence insufficient to constitute a basis for relief.

Accordingly, the court finds that there is no genuine issue of material fact and that the defendants are entitled to a judgment as a matter of law, dismissing the plaintiff's complaint against them.

New Orleans, Louisiana, this 31st day of July, 1970.

(Signed) HERBERT W. CHRISTENBERRY
UNITED STATES DISTRICT JUDGE