**Herbert B. CARMACK, Appellant,**

v.

**Wallace GIBSON, Judge, Circuit Court of Jefferson County, Birmingham, Alabama, et al., Appellees.**

**No. 23133.**

United States Court of Appeals
Fifth Circuit.

July 26, 1966.

---

* William Harold Cox, United States District Judge for the Southern District of Mississippi, sitting by designation.

Before TUTTLE, Chief Judge, and BROWN and COLEMAN, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

Ostensibly this is an appeal from the order of the District Court denying Appellant leave to proceed in forma pauperis. In fact, we view it as an appeal from the dismissal of Appellant's complaint for failure to state a ground on which relief can be granted. Except as to two claims, we reverse and remand.

Appellant, an Alabama State convict serving a sentence for carnal knowledge, sought to file *pro se* a complaint against the State Judge who tried him, the deputy solicitor who prosecuted him, and four police officers who arrested him on a charge of illegal distilling. The complaint, brought under 42 U.S.C.A. § 1983 for redress of constitutional rights, prayed for $25,000 damages against each of the defendants for false imprisonment from April 15, 1960, until November 27, 1960, on the distilling case, for which the Appellant was convicted and sentenced to serve a year and a day. Appellant alleged that pursuant to his petition for coram nobis relief, the State Trial Court set aside the distilling conviction and the indictment was nolle prosequied. The complaint alleged that the police officers arrested him and searched his home without a warrant and without probable cause, that the State Judge refused to allow him an attorney and denied him a continuance to summon witnesses, and that the prosecutor violated state law in the manner in which he picked and struck potential jurors.

The District Court "ORDERED that the request of Herbert B. Carmack to proceed in forma pauperis be and the same hereby is denied." In so doing, the Court held: "The pleading submitted shows on its face that this court has no jurisdiction and it is frivolously filed. Since the jurisdiction of this court cannot be invoked by the allegations made by the said Carmack, there is no occasion to permit complainant to proceed in forma pauperis." The Court further directed the Clerk physically to return the complaint to Appellant, and this was done.

Treating this action as equivalent to dismissing Appellant's complaint, we test the complaint by "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 1957, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80; see Lewis v. Brautigam, 5 Cir., 1955, 227 F.2d 124, 55 A.L.R.2d 505. So appraised, we conclude that the complaint was properly dismissed as to the State Judge, who enjoys immunity to civil actions under the Civil Rights Act for acts not clearly in absence of all jurisdiction and authority. See Pierson v. Ray, 5 Cir., 1965, 352 F.2d 213, cert. granted, 1966, 384 U.S. 938, 86 S.Ct. 1457, 16 L.Ed.2d 537 [May 16, 1966; 1966–1967 Docket Nos. 79, 94, 35 U.S.L.Week 3002]. The same is true as to the prosecutor, as there is no allegation in the complaint that in selecting the jury he was acting without the scope of his jurisdiction. See Pierson v. Ray, supra; Lewis v. Brautigam, supra. However, as to the state police officers, the complaint arguably states a claim for false imprisonment under the Civil Rights Act, 42 U.S.C.A. § 1983. See Nesmith v. Alford, 5 Cir., 1963, 318 F.2d 110; Monroe v. Pape, 1961, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492; Pierson v. Ray, 5 Cir., 1965, 352 F.2d 213, cert. granted, 1966, 384 U.S. 938, 86 S.Ct. 1457, 16 L.Ed.2d 537 [May 16, 1966]. Monroe v. Pape, supra, specifically cited in Appellant's complaint, has just recently been vitalized by the Supreme Court: "Other sanctions, civil and criminal, are available in the federal courts against officers of a State who violate * * * federal constitutional and statutory rights. Under 42 U.S.C. § 1983 (1964 ed.) the officers may be made to respond in damages not only for violations of rights conferred by federal equal civil rights laws, but for violations of other federal constitutional and statutory rights as well. Monroe v. Pape, 365 U.S. 167 [81 S.Ct. 473]." City of Greenwood v. Peacock, 1966, 384 U.S. 808, 86 S.Ct. 1800, 1813, 16 L.Ed.2d 944 [June 20, 1966].

We remand this case to the District Court with the direction to allow Appellant to file his complaint against the police officers. As to them, the District Court has jurisdiction and the complaint states a claim upon which relief could be granted. Upon remand, the District Court still has considerable discretion consistent with this opinion as to whether to allow Appellant to proceed further in forma pauperis. See Richey v. Wilkens, 2 Cir., 1964, 335 F.2d 1 (leave to proceed in forma pauperis should be granted where complaint of inmate stated a claim under Civil Rights Act for damages against State prison officials). But see Weller v. Dickson, 9 Cir., 1963, 314 F.2d 598; Smart v. Heinze, 9 Cir., 1965, 347 F.2d 114, cert. denied, 382 U.S. 896, 86 S.Ct. 192, 15 L.Ed.2d 153. Furthermore, this remand does not necessarily forecast a full-blown trial, since on motion for Summary Judgment, F.R.Civ.P. 56, the Court with the evidential facts, not the bare allegations, can determine in advance of trial whether there is a genuine issue for ultimate decision of judge or jury. See, e. g., Carss v. Outboard Marine Corp., 5 Cir., 1958, 252 F.2d 690. And even if it survives Summary Judgment, the facts brought out from witnesses on the trial might yet compel an instructed verdict either at the end of the plaintiff's case or when all the evidence is in. See, e. g., Pokluda v. Gardner-Denver Co., 5 Cir., 1966, 357 F.2d 655; Robbins v. Milner Enterprises, Inc., 5 Cir., 1960, 278 F.2d 492, 496–97, 497 n. 5. And finally, nothing we have said in analyzing the complaint should be taken as an indication that we have determined in advance of the evidence that under any given state of proof we would ultimately hold one way or the other on the merits of the claim. That is for another day on another record.

Reversed and remanded.