441 F.2d 550
 Marvin F. COLLINS, Petitioner-Appellant,
v.
Judge Virlyn B. MOORE et al., Respondents-Appellees.
No. 30869 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 April 23, 1971.
 
 Marvin F. Collins, pro se.
 Arthur K. Bolton, Atty. Gen. of Ga., Robert J. Castellani, John W. Hinchey, Asst. Attys. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Atlanta, Ga., for defendant-appellees.
 Before GEWIN, GOLDBERG, and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 The appellant, a Florida prisoner, appeals from an order of the district court dismissing his civil rights complaint. We affirm.
 
 
 2
 In his complaint appellant Marvin F. Collins seeks $5,000,000 in damages from the appellees, who are Georgia state judges, for their participation in extraditing him to Florida. He contends that the judges signed extradition papers on a criminal charge of issuing worthless checks instead of on a charge of auto theft, which was the charge actually outstanding in Florida. The district court dismissed the complaint as a matter of law, finding that the defendants acted within the performance of their judicial duty, and that therefore their acts are protected by the bar of judicial immunity.
 
 
 3
 It is firmly settled in law that where a judge acts in the performance of his judicial duty, he is immune from liability for damages arising from the consequences of those acts. Pierson v. Ray, 1967, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288; Bradley v. Fisher, 1872, 13 Wall. 335, 20 L.Ed. 646; Carmack v. Gibson, 5 Cir. 1966, 363 F.2d 862. The proper means to correct an error in the proceedings against a defendant is by direct appeal or by writ of habeas corpus. Pierson v. Ray, supra.
 
 
 4
 Appellant's complaint also named the state of Georgia as a defendant, and appears to raise issues concerning his treatment during incarceration and his present confinement in the Florida State Mental Hospital. It is clear that the State of Georgia is not amenable to suit in this civil rights damage action. See Monroe v. Pape, 1961, 365 U.S. 167, 187-192, 81 S.Ct. 473, 5 L.Ed.2d 492; Whitner v. Davis, 9 Cir. 1969,410 F.2d 24; Westberry v. Fisher, D.Me., 1970, 309 F.Supp. 12, 18-20. The further allegations of mistreatment during incarceration should be addressed to those officials responsible for that treatment. Cf. Anderson v. Nosser, 5 Cir. 1971, 438 F.2d 183; Whirl v. Kern, 5 Cir. 1969, 407 F.2d 781, cert. denied, 396 U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177. Finally, the legality of Collins' present confinement should be raised either by direct appeal or by collateral proceedings in the state courts, not through a federal damage action. Cf. 28 U.S.C.A. 2254; Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.
 
 
 5
 The judgment below is affirmed.