Sterling Maurice **WILLIAMS**, Plaintiff-Appellant,

v.

Alfonso C. **SEPE**, Defendant-Appellee.

No. 73-2294

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 14, 1973.

Carling H. Stedman, Richard Yale Feder, Stephen L. Raskin, Miami, Fla., for plaintiff-appellant.

Tobias Simon, Elizabeth J. du Fresne, Miami, Fla., for defendant-appellee.

Before BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

This action under 42 U.S.C.A. § 1983, brought by Sterling M. Williams against Judge Alfonso C. Sepe, was terminated by the district court's granting summary judgment to Judge Sepe on the ground that the undisputed facts did not fall within the "clear absence of all jurisdiction" exception to the doctrine of judicial immunity. We affirm.

The record clearly establishes that in attempting to investigate a report that Williams had misrepresented himself as the Judge's law clerk, Judge Sepe failed to comply with the procedure for prosecuting an indirect contempt of court. Specifically, Williams was not given "written notice of the criminal contempt charged," as required by Rule 3.840 of the Florida Rules of Criminal Procedure, 33 F.S.A., before he was ordered arrested by Judge Sepe. It is Williams'

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

contention that the deviation from the statutory procedure resulted in an absence of subject matter jurisdiction and that the Judge, therefore, is not shielded by judicial immunity.

 While it may be true that the procedural irregularities would necessitate a reversal of a conviction if one had been obtained on the facts of this case, see, e. g., State ex rel. Giblin v. Sullivan, 1946, 157 Fla. 496, 26 So.2d 509, the test for the abrogation of judicial immunity is whether there is a *clear* absence of all jurisdiction over the subject matter. Bradley v. Fisher, 1872, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646. The policy underlying the doctrine requires that its application not depend on the determination of "nice questions of jurisdiction." Sullivan v. Kelleher, 1 Cir. 1968, 405 F. 2d 486, 487. The defects in the procedure employed in this case will not support a conclusion that there was a clear absence of all jurisdiction. The judgment of the district court is therefore

Affirmed.