490 F.2d 859
 John E. HILL, #225682, Plaintiff-Appellant,
v.
Byron L. McCLELLAN, Judge, etc., et al., etc., Defendants-Appellees.
No. 73-2686 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir., 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 March 8, 1974.
 
 John E. Hill, pro se.
 John L. Hill, Atty. Gen. of Texas, Austin, Tex., for defendants-appellees.
 Before WISDOM, AINSWORTH and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Hill, incarcerated in the Texas Department of Corrections, filed a civil rights complaint under 42 U.S.C. 1983 and 1985, alleging that Judge Byron McLellan, Attorney Robert Cummings, and appellant's ex-wife Wilma Hill, conspired to have a default judgment in a divorce, child custody, and property settlement action in a Texas state court entered against him while he was incarcerated and unable to appear in court. He sought damages and an order voiding the state judgment. The district court dismissed the complaint. We affirm.
 
 
 2
 Judges acting within their jurisdiction and authority are immune from suit under 1983 and 1985. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); McAlester v. Brown, 5 Cir., 1972, 469 F.2d 1280; Carter v. Duggan, 5 Cir., 1972, 455 F.2d 1156; Collins v. Moore, 5 Cir., 1971, 441 F.2d 550; Guedry v. Ford, 5 Cir., 1970, 431 F.2d 660; Beard v. Stephens, 5 Cir., 1967, 372 F.2d 685; Carmack v. Gibson, 5 Cir., 1966, 363 F.2d 862; Hanna v. Home Insurance Co., 5 Cir., 1960, 281 F.2d 298, cert. denied, 365 U.S. 838, 81 S.Ct. 751, 5 L.Ed.2d 747, rehearing denied, 366 U.S. 955, 81 S.Ct. 1905, 6 L.Ed.2d 1247; Gay v. Heller, 5 Cir., 1958, 252 F.2d 313.
 
 
 3
 Lawyers who participate in the trial of private state court litigation are not state functionaries acting under color of state law within the meaning of the Federal Civil Rights Acts; likewise, they are not liable under said Acts. Skolnick v. Martin, 7 Cir., 1963, 317 F.2d 855, 856, cert. denied, 375 U.S. 908, 84 S.Ct. 199, 11 L.Ed.2d 146, rehearing denied,375 U.S. 960, 84 S.Ct. 440, 11 L.Ed.2d 319; Carmack v. Gibson, supra; Brown v. Dunne, 7 Cir., 1969, 409 F.2d 341; Hanna v. Home Insurance Co., supra.
 
 
 4
 A private person cannot be held liable under 42 U.S.C. 1983 unless his wrongful action was done under color of state law or state authority. Further, a private person alleged to have conspired with a state judge and attorney who are entitled to immunity cannot be held liable, since he is not conspiring with persons acting under color of law against whom a valid claim could be stated. Guedry v. Ford, supra, 431 F.2d at 664, and cases cited therein; Brown v. Dunne, supra; Haldane v. Chagnon, 9 Cir., 1965,345 F.2d 601, 604.
 
 
 5
 A federal district court has no original jurisdiction to reverse or modify the judgment of a state court. Hanna v. Home Insurance Co., supra,281 F.2d at 303, and cases cited therein. There is no cause of action under the Civil Rights Act if a case is private litigation in which the state does no more than furnish the forum and has no interest in the outcome. Skolnick v. Martin, supra, 317 F.2d at 857. Only if diversity jurisdiction exists might a federal court, just as a state court, have jurisdiction of a suit in which it is alleged with the particularity required under Rule 9(b), Fed.R.Civ.P., for the statement of a cause of action for fraud. Gay v. Heller, 5 Cir., 1958, 252 F.2d 313. Merely characterizing defendants' conduct as conspiratorial or unlawful does not set out allegations upon which relief can be granted under the Civil Rights Act.
 
 
 6
 Appellant has not stated a claim for which relief may be granted under 42 U.S.C. 1983 and 1985.
 
 
 7
 Affirmed.