**Robert Charles FORD,**
**Plaintiff-Appellant,**

v.

**Donald BYRD, Chief of Police, et al.,**
**Defendants-Appellees.**

No. 76–2644
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 16, 1976.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

approves the acts. There is no claim he did so in this case.

AFFIRMED.

Robert Charles Ford, pro se.

John L. Hill, Atty. Gen., Thomas W. Choate, Sp. Asst. Atty. Gen., David M. Kendall Jr., First Asst. Atty., Austin, Tex., for defendants-appellees.

Before AINSWORTH, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

This is a § 1983 suit by a Texas state prisoner. The District Court dismissed it without prejudice to the filing of a habeas corpus petition.

Insofar as plaintiff seeks relief from confinement he must proceed by habeas corpus. The prosecuting attorney[1] and the state trial judge who sentenced plaintiff are immune from § 1983 suits.

Plaintiff questions the validity of the search of his car by two police officers. That issue was decided adversely to plaintiff by the Texas Court of Criminal Appeals. We pretermit whether that holding collaterally estops the plaintiff in the present case.[2] The officers who conducted the search are not named as parties. The chief of police is named, but he is vicariously liable for the acts of his subordinates only if he directs, orders, participates in, or

---

1. The prosecuting attorney was not named as a defendant but was mentioned in the other papers filed by plaintiff as being a defendant. Out of caution, the habeas judge ruled as though the prosecuting attorney were a defendant.

2. See *Brazell v. Adams*, 493 F.2d 489 (CA5, 1974) (collateral estoppel applies, one of the reasons being that the bar of estoppel can always be raised by federal habeas), but see *Stone v. Powell*, —— U.S. ——, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) (habeas is no longer available for a search and seizure claim if petitioner had a full and fair opportunity to raise it in state court).

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.