James A. KEETON, Plaintiff-Appellant,

v.

Julius P. GUEDRY and T. J. Gautreau, Defendants-Appellees.

No. 76–3032

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 16, 1976.

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

**200**

Max LaBranche, Baton Rouge, La., for plaintiff-appellant.

Bert K. Robinson, Baton Rouge, La., for J. P. Guedry.

Ralph Tureau, Gonzales, La., for T. J. Gautreau.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Appellant challenges the district court's order granting summary judgment to appellee Gautreau on the ground of judicial immunity in this action under 42 U.S.C. § 1983. We affirm.

Appellant purchased a vehicle from Julius Guedry, paying him with his check in the amount of $1,750. Shortly thereafter appellant discovered certain alleged defects in the vehicle and stopped payment on the check. Upon learning about the stop payment order Guedry went to appellee, a Louisiana Justice of the Peace, and swore out a warrant for the arrest of appellant for the offense of "theft by check." Appellee told Guedry that stop payment disputes were civil matters, but upon Guedry's insistence, he issued the requested warrant.

There is no dispute over appellee's right to hold his office as Justice of the Peace or over his right to issue warrants for arrests of persons alleged to have committed offenses. Judges are immune from section 1983 liability for their acts within the judicial role. *Pierson v. Ray*, 386 U.S. 547, 553–55, 87 S.Ct. 1213, 18 L.Ed.2d 288, 295 (1967). The parties concede that a Justice of the Peace comes within this judicial immunity, but appellant contends that appellee lost the cloak of immunity by issuing a warrant on a charge he knew to be non-criminal. It is clear from appellee's deposition, however, that appellee thought that appellant's conduct could give rise to a criminal theft charge:

Q: Mr. Gautreau, if Mr. Keeton bought a truck from Mr. Guedry and he wrote a check knowing at the time he wrote the check he was going to stop payment on it, knowing he was going to stop payment on it, and he stops payment, then the charge of theft would be a good charge?

A: That's what made me write the charge knowing the man didn't have his truck. The poor man didn't have no money, no check, no car, no truck, no money for it. And that's what made me write the charge, theft by check.

Nonetheless, appellant points to appellee's repeated statements that he told Guedry that stop payment disputes were exclusively civil matters. The context of these statements clearly indicates that appellee understood the district attorney's policy to be not to prosecute charges involving stop payment orders, for example: "It's a civil matter only according to the district attorney in our parish." Thus, what appellant contends are admissions as to appellee's knowledge or lack of authority are really expressions of doubt as to the eventual prosecution of the arrestee. Although appellee may have doubted eventual prosecution by the district attorney, he clearly believed that criminal conduct possibly had occurred. Appellee's issuance of an arrest warrant upon the seller's insistence was therefore in his capacity as Justice of the Peace, and consequently, appellee is entitled to the protection of judicial immunity. *Guedry v. Ford*, 431 F.2d 660, 664 (5th Cir. 1970).

JUDGMENT AFFIRMED.