**Rayford CONNER, Plaintiff-Appellant,**

**v.**

**Officer Walter PICKETT et al., Defendants-Appellees.**

**No. 76–2030**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

May 18, 1977.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Rayford Conner, pro se.

No counsel for defendants-appellees.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Rayford Conner was adjudged guilty of the misdemeanor of possession of narcotic paraphernalia by an Alabama state court on November 20, 1975. Following his guilty plea, the trial court sentenced him to six months imprisonment, suspended for one year, and informal probation. There was no appeal.

Conner brought this suit under Section 1 of the Civil Rights Act of 1871, 42 U.S.C.A. § 1983 (1974), seeking damages for the violation of his civil rights by the policemen, the prosecutor, and the state judge, involved in his arrest, conviction, and sentencing. He also asks that his conviction be overturned. The district court dismissed the damage claims against the state judge and the prosecutor on the grounds of immunity, and dismissed those against the police officers because Conner neglected to pursue his habeas corpus remedies. We affirm in part and remand for further proceedings.

The district court's dismissal of Conner's damage claims against the state judge and the prosecutor were proper. Judges acting within the scope of their authority enjoy immunity from liability for damages under Section 1983. *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Keeton v. Guedry,* 544 F.2d 199 (5th Cir. 1976); *Hill v. McClellan,* 490 F.2d 859 (5th Cir. 1974). Prosecutors acting within the scope of their authority in conducting a criminal investigation and presenting the state's case are similarly favored. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Ford v. Byrd,* 544 F.2d 194 (5th Cir. 1976); *Guedry v. Ford,* 431 F.2d 660 (5th Cir. 1970).

■ But it is not equally clear that the dismissal of Conner's damage claims against the police officers was correct. Conner alleges that the officers used his sister "to intimidate me into arrest." Read liberally, as it must be, his *pro se* complaint states a Section 1983 cause of action because "[i]t cannot be said that, without doubt, there exists no state of facts which would entitle the plaintiff to the relief he demands." *Finley v. Staton,* 542 F.2d 250, 251 (5th Cir. 1976), *quoting Williams v. McCall,* 531 F.2d 1247, 1248 (5th Cir. 1976). Ordinarily, Conner would be entitled to an order vacating the dismissal and remanding the cause for an evidentiary hearing. But here the district court dismissed the complaint not for failure to state a cause of action, but because Conner failed to pursue his habeas corpus remedies, *citing Alexander v. Emerson,* 489 F.2d 285 (5th Cir. 1973). Subsequent to the district court's decision we had occasion to consider more fully the interplay between habeas corpus proceedings and suits for damages brought under Section 1983 which we had discussed in *Alexander. See Fulford v. Klein,* 5 Cir., 529 F.2d 377, *aff'd en banc,* 550 F.2d 342 (5th Cir. 1976). In *Fulford* we held that once a state conviction is final "habeas corpus is the exclusive initial cause of action where the basis of the claim goes to the constitutionality of the state court conviction." 529 F.2d at 381. Of course this bow to the integrity of state judicial administration is unnecessary where a Section 1983 plaintiff is ineligible for habeas corpus relief for reasons having nothing to do with the merits of his contention that his conviction was unconstitutionally obtained.

■ Habeas corpus relief is available only to those who are "in custody." 28 U.S.C.A. § 2241 (1971); *Wales v. Whitney,* 114 U.S. 564, 5 S.Ct. 1050, 29 L.Ed. 277 (1885); *Brown v. Wainwright,* 447 F.2d 980 (5th Cir. 1971). The problem in this case is that we are unable to determine whether Conner can satisfy this requirement. It is unclear whether, as a result of his conviction, Conner continues to suffer from the type of collateral consequences that have been held to qualify as "custody" for habeas corpus purposes, despite the expiration of his sentence. *See Ginsberg v. New York,* 390 U.S. 629, 633–34, n.2, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968); *Carafas v. LaVallee,* 391 U.S. 234, 237–38, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *Sibron v. New York,* 392 U.S. 40, 51–58, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); *Street v. New York,* 394 U.S. 576, 579–580, n.3, 89 S.Ct. 1354, 22 L.Ed.2d 572 (1969); *Jackson v. Louisiana,* 452 F.2d 451, 452 (5th Cir. 1971). We vacate the dismissal and remand this case so that the district court may decide whether, in light of these authorities, Conner can satisfy the custody requirement. If Conner is ineligible for habeas corpus relief because he is not in custody, then the *Fulford* doctrine presents no barrier to his Section 1983 suit, and the district court should proceed to the merits of his damage claim. If, however, Conner can satisfy the custody requirement, then habeas corpus is an available remedy, and Conner must pursue it before his Section 1983 claim may be entertained. *Fulford v. Klein, supra.*

■ In the event that the latter situation exists, then, as we noted in *Fulford,* there is a possibility that if Conner is required to seek habeas corpus relief his right to sue for damages under Section 1983 may be extinguished by the expiration of the relevant Alabama statute of limitations. Therefore we direct the district court to take such steps as may be necessary to protect Conner's right to bring a Section 1983 suit after he has exhausted his habeas corpus remedies.[1]

**VACATED AND REMANDED.**

---

1. One way of accomplishing this result would be to stay the Section 1983 action pending the outcome of the state proceedings as the district court did in *Mastracchio v. Ricci,* 498 F.2d 1257 (1st Cir. 1974), *cert. denied,* 420 U.S. 909, 95 S.Ct. 828, 43 L.Ed.2d 838 (1975).