Donald R. HUMBLE, Plaintiff-Appellant,

v.

Percy FOREMAN, Attorney-at-Law,
Defendant-Appellee.

No. 77–2644
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 23, 1977.

Rehearing and Rehearing En Banc
Denied Dec. 21, 1977.

Donald R. Humble, pro se.

Percy Foreman, pro se.

Mike DeGeurin, Dick DeGeurin, Attys., Houston, Tex., Leander H. Perez, Jr., Dist. Atty., 25th Jud. Dist., Chalmette, La., for defendant-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Appellant Humble, who is now serving two life terms in Louisiana State Prison after pleading guilty to two counts of murder in 1967, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against

---

* Rule 18, 5 Cir., *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir., 1970, 431 F.2d 409.

his retained counsel in the murder case. His amended complaint alleged that his attorney conspired with the state trial judge and the prosecutor during the plea bargaining process, resulting in ineffective assistance of counsel.

The district court, in a thorough opinion, dismissed the complaint. We affirm.

■ Appellant seeks to find the requisite state action in the participation of the state trial judge and prosecutor in the alleged conspiracy. However, if the co-conspirators would be immune from § 1983 liability, then appellant's claim must fail because his retained counsel, a private citizen, would not have conspired with persons acting under color of law against whom a valid claim could be stated. *Guedry v. Ford,* 431 F.2d 660, 664 (5th Cir. 1970); *Hill v. McClellan,* 490 F.2d 859, 860 (5th Cir. 1974). The trial judge is absolutely immune from civil liability, *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Similarly, prosecutors are cloaked with such immunity while pursuing their prosecutorial activities. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). This Court has applied *Imbler* to a prosecutor's decision to seek an indictment and his presentation of witnesses and documentary evidence, *Bruce v. Wade,* 537 F.2d 850 (5th Cir. 1976), and, tangentially, to his involvement in accepting a guilty plea. *Conner v. Pickett,* 552 F.2d 585 (5th Cir. 1977). We consider plea bargaining activities to be "intimately associated with the judicial phase of the criminal process," *Imbler, supra,* 424 U.S. at 430, 96 S.Ct. at 995, and thus within the *Imbler* umbrella. As the district court pointed out, the product of such bargaining often is a conviction, in a court of law, for which the offender is sentenced. This is one manner in which the prosecutor represents the interests of the state in the judicial process.

■ Even if there initially were a claim, it has been lost via expiration of time. Because Congress has not provided a statute of limitations for § 1983 claims, the applicable statute of limitations is that which the Louisiana courts would apply if suit for similar relief had been brought in state court. *Ingram v. Steven Robert Corp.,* 547 F.2d 1260, 1261 (5th Cir. 1977); *Shaw v. McCorkle,* 537 F.2d 1289, 1291–93 (5th Cir. 1976).

Louisiana courts would label this action as one in tort, for the basic allegation that the defense attorney rendered ineffective assistance because of his involvement in the alleged conspiracy is similar to a tort claim of legal malpractice. *See* La.Civil Code Art. 2315; *Ramp v. St. Paul Fire & Marine Ins. Co.,* 263 La. 774, 269 So.2d 239 (1972); *Muse v. St. Paul Fire & Marine Ins. Co.,* 328 So.2d 698 (La.App.1976). The prescription period is thus one year, La.Civil Code Art. 3536, and this action is barred. The fact that Louisiana does not provide for tolling of the statute of limitations for such a claim during a party's incarceration is irrelevant. *Kissinger v. Foti,* 544 F.2d 1257, 1258 (5th Cir. 1977); *Knowles v. Carson,* 419 F.2d 369, 370 (5th Cir. 1969).

AFFIRMED.