**Irene PEREZ, Plaintiff-Appellant,**

v.

**Charles R. BORCHERS, etc., et al., Defendants-Appellees.**

No. 77-2051
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 2, 1978.

Rehearing Denied March 6, 1978.

---

* Rule 18, 5 Cir.; *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

J. G. Hornberger, J. G. Hornberger, Jr., Laredo, Tex., for plaintiff-appellant.

Charles R. Borchers, pro se.

Donato Ramos, Stephen A. Whitworth, Laredo, Tex., for defendants-appellees.

H. C. Hall, III, Laredo, Tex., for Flores, Zaffirini & Villarreal, Sharon Trigo, Morris M. Reese, Jr., Laredo, Tex., for Alvarado.

C. M. Zaffirini, Atty., pro se., Laredo, Tex.

Before THORNBERRY, RONEY, and HILL, Circuit Judges.

PER CURIAM:

This is an appeal from the dismissal of a suit for damages for alleged violations of federal civil rights under 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

The district judge granted the defendants' motions to dismiss for failure to state a claim upon which relief could be granted. We affirm.

This case originated with an investigation into missing motor vehicle sales tax receipts within the Webb County Tax Assessor-Collector's Office in Webb County, Texas. The missing receipts resulted in a deficiency of approximately $265,000. The investigation resulted in a criminal complaint filed on February 3, 1977, against plaintiff-appellant, who had recently been terminated as a deputy tax assessor-collector of Webb County, Texas.

The criminal complaint which charged appellant with official misconduct under section 39.01 of the Penal Code of Texas was filed with A. A. Alvarado, a justice of the peace who is one of the defendants in this suit.

An examining trial was held by Judge Alvarado on February 21, 1977. Four of the defendants are state prosecutors who represented the state at this trial. Three of the defendants were present at the trial in answer to subpoenas issued by the magistrate at the request of appellant and her attorneys. By stipulation between the parties, 601 of the missing receipts turned in by appellant, totalling approximately $50,000, were introduced into evidence. After hearing the testimony introduced by both parties, Judge Alvarado ruled that there was sufficient evidence upon which to bind the appellant over to the grand jury. Thereafter twelve felony indictments were returned against appellant.

In her complaint before the district court, appellant alleged conspiracy to violate federally protected civil rights. Appellant alleged that the defendants participated in an allegedly unlawful criminal prosecution.

One of the principal defendants in the suit is Judge Alvarado, a justice of the peace in Webb County. All the actions alleged against Alvarado took place in the discharge of his official duties as justice of the peace. Justices of the peace fall within the protective ambit of the judicial immunity doctrine. Consequently, we affirm the dismissal of the complaint against defendant Alvarado who is entitled to immunity to civil actions under the Civil Rights Act. See *Gregory v. Thompson*, 9 Cir. 1974, 500 F.2d 59; *Hill v. McClellan*, 5 Cir. 1974, 490 F.2d 859.

Defendants Borchers, Ramos, Whitworth, and Trigo were alleged to be prosecutors in the complaint. As such they are also immune from suit. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

The last of the defendants are Flores, Villarreal, and Zaffirini, who were subpoenaed at the request of appellant. They are all private citizens. Zaffirini is also an attorney who represented one of the witnesses. They are charged with conspiring with the other defendants. As private citizens they cannot be liable for conspiring with the other defendants who are entitled to immunity, since they are not conspiring with persons acting under color of law against whom a valid claim could be stated. *Hill, supra. Kurz v. State of Michigan*, 6 Cir. 1977, 548 F.2d 172.

The judgment of the district court is AFFIRMED.