**Sidney A. SPARKS, R. L. Lynd, d/b/a Sidney A. Sparks, Trustee, Plaintiffs-Appellants,**

v.

**DUVAL COUNTY RANCH COMPANY, INC., et al., Defendants-Appellees.**

No. 77–1249.

United States Court of Appeals, Fifth Circuit.

Jan. 17, 1979.

Rehearing En Banc Granted March 9, 1979.

Garland F. Smith, Weslaco, Tex., James A. Erck, Patrick G. Rehmet, Alice, Tex., for plaintiffs-appellants.

Frank R. Nye, Jr., Rio Grande, Tex., for Clarence Martens.

Finley L. Edmonds, Corpus Christi, Tex., for Dennis.

John L. Hill, Atty. Gen. of Tex., David M. Kendall, Austin, Tex., for Carrillo.

A. Raul Garcia, Alice, Tex., for Manges and Duval County Ranch.

Before WISDOM, GODBOLD and TJOFLAT, Circuit Judges.

PER CURIAM:

This case involves judicial immunity from liability under the Civil Rights Act of 1871, 42 U.S.C. § 1983. For purposes of the motion to dismiss the complaint, we must assume that the judge in question accepted a bribe. Decisions of the Supreme Court and this Court require us to adhere to the doctrine of judicial immunity. Accordingly, we affirm the district court's dismissal of this action.

According to the complaint, the plaintiffs, trustees, operated oil and gas wells on land adjacent to property owned by the defendant Duval County Ranch Company, Inc. (DCRC), a corporation wholly owned by the defendant Clinton Manges. The complaint alleges that Manges entered into a conspiracy with the defendant O. P. Carrillo, who served as a judge of the 229th District Court of Duval County, Texas, from November 1970 to January 23, 1976, when he was removed from office by the Texas Senate.[1] Under the alleged conspiracy, Manges bestowed financial favors upon Carrillo, who in return would rule as Manges directed in cases before his court.

The complaint charges that, on August 15, 1972, Manges filed suit in Carrillo's court to enjoin the plaintiffs' oil production. Manges alleged that the plaintiffs' operations were polluting DCRC's land. According to the complaint, Manges's true motivation was to stop the plaintiffs' production and thereby cause their oil lease to be terminated under the nonproduction clause it contained. The complaint next asserts that, at Manges's direction, Carrillo entered an order on January 18, 1973, temporarily enjoining the plaintiffs' oil production. The defendants Clarence Martens and Orville Dennis served as sureties for the injunction bond. That temporary injunction remained in effect until June 25, 1975, when the Texas Court of Civil Appeals dissolved it. *Winslow v. Duval County Ranch Company*, 1975, Tex.Civ.App., 519 S.W.2d 217. The complaint asserts that, because of the conspiracy between Manges and Carrillo, the plaintiffs lost over two years of oil production on the land in question. The complaint states a claim under 42 U.S.C. § 1983 for the alleged conspiracy to deprive the plaintiffs of their oil production. The complaint also states a pendent state claim based on the alleged wrongful injunction.

The district court dismissed the complaint. It determined that judicial immunity barred suit against Carrillo and that, with the state judge eliminated as a defendant, there were no § 1983 claims under color of state law against the remaining defendants.

■ Because we are reviewing a dismissal for failure to state a claim upon which relief can be granted, we must assume the existence of all facts pleaded in the complaint. The defendants argue that Carrillo's act in entering the temporary injunction is protected by judicial immunity even if it had been induced by a bribe from Manges. We must agree.

Over a century ago, the Supreme Court embedded judicial immunity into our jurisprudence. In *Bradley v. Fisher*, 1872, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646, the Court stated that it is "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself". Therefore, the Court held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly". 80 U.S. at 351. The Court drew a distinction between acts in excess of jurisdiction, which are protected by immunity, and acts in the clear absence of all jurisdiction, which are unprotected. The Court illustrated this distinction by stating that a probate judge with jurisdiction over only wills and the settlement of estates who tried a criminal case

---

1. The Supreme Court of Texas also removed Carrillo from the bench. *See Matter of Carrillo*, 1976 Tex., 542 S.W.2d 105. According to the most recent submission in this case by the Attorney General of Texas, Carrillo is presently incarcerated in a federal penitentiary on income tax charges.

would be acting in clear absence of all jurisdiction, while a criminal court judge who convicted a defendant of a nonexistent crime would merely be acting in excess of jurisdiction. 80 U.S. at 351–52.

In *Pierson v. Ray*, 1967, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288, the Court held that judicial immunity applied to suits under 42 U.S.C. § 1983:

> This immunity applies even when the judge is accused of acting maliciously and corruptly . . . . His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption.

386 U.S. at 554, 87 S.Ct. at 1218. The Court recently reaffirmed that a judge may be liable in a civil action only when his act was in the clear absence of all jurisdiction. *Stump v. Sparkman*, 1978, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331. *See also Imbler v. Pachtman*, 1976, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (prosecutorial immunity).[2]

 Because it is clear that Carrillo had jurisdiction over the action filed by Manges against the plaintiffs, we must affirm the district court's determination that Carrillo's act in entering the temporary injunction was cloaked with judicial immunity.[3] Since Carrillo is immune, the remaining defendants, who are all private citizens, did not conspire with any person against whom a valid § 1983 claim can be stated. Thus, the district court also properly dismissed the § 1983 claim against the other defendants. *Slavin v. Curry*, 5 Cir. 1978, 574 F.2d 1256; *Perez v. Borchers*, 5 Cir. 1978, 567 F.2d 285; *Humble v. Foreman*, 5 Cir. 1977, 563 F.2d 780; *Hill v. McClellan*, 5 Cir. 1974, 490 F.2d 859; *Guedry v. Ford*, 5 Cir. 1970, 431 F.2d 660. With the federal claim dismissed, of course, the district court did not err in dismissing the pendent state claim.

AFFIRMED.

On Rehearing

Before BROWN, Chief Judge, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN and VANCE, Circuit Judges.

BY THE COURT:

A majority of the Judges in active service, on the Court's own motion, having determined to have this case reheard en banc,

IT IS ORDERED that this cause shall be reheard by the Court en banc with oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs.

---

2. This Court has faithfully followed this line of cases by applying judicial immunity even when corrupt or otherwise intentionally wrongful judicial acts are alleged. *See Slavin v. Curry*, 5 Cir. 1978, 574 F.2d 1256; *Perez v. Borchers*, 5 Cir. 1978, 567 F.2d 285; *Humble v. Foreman*, 5 Cir. 1977, 563 F.2d 780; *Connor v. Pickett*, 5 Cir. 1977, 552 F.2d 585; *Keeton v. Guedry*, 5 Cir. 1976, 544 F.2d 199; *Ford v. Byrd*, 5 Cir. 1976, 544 F.2d 194; *Grundstrom v. Darnell*, 5 Cir. 1976, 531 F.2d 272; *Cheramie v. Tucker*, 5 Cir. 1974, 493 F.2d 586, *cert. denied*, 419 U.S. 868, 95 S.Ct. 126, 42 L.Ed.2d 107; *Hill v. McClellan*, 5 Cir. 1974, 490 F.2d 859; *Williams v. Sepe*, 5 Cir. 1973, 487 F.2d 913; *McAlester v. Brown*, 5 Cir. 1972, 469 F.2d 1280; *People of Mississippi ex rel. Giles v. Thomas*, 5 Cir. 1972, 464 F.2d 156; *Carter v. Duggan*, 5 Cir. 1972, 455 F.2d 1156; *Collins v. Moore*, 5 Cir. 1971, 441 F.2d 550; *Perkins v. United States Fidelity & Guaranty Co.*, 5 Cir. 1970, 433 F.2d 1303; *Guedry v. Ford*, 5 Cir. 1970, 431 F.2d 660; *Beard v. Stephens*, 5 Cir. 1967, 372 F.2d 685; *Carmack v. Gibson*, 5 Cir. 1966, 363 F.2d 862.

3. We are aware that several commentators have concluded that judges should be protected by only a qualified immunity. *See Pierson v. Ray*, 1967, 386 U.S. 547, 558–67 & n.6, 87 S.Ct. 1213, 18 L.Ed.2d 288 (Douglas, J., dissenting); Kates, *Immunity of State Judges Under the Federal Civil Rights Acts: Pierson v. Ray Reconsidered*, 65 N.W.U.L.Rev. 615 (1970); Note, *Immunity of Federal and State Judges from Civil Suit—Time for a Qualified Immunity?*, 27 Case W. Res.L.Rev. 727 (1977); Comment, *Charity Begins at Home: Judicial Immunity in Iowa*, 58 Iowa L.Rev. 197 (1972); Note, *Liability of Judicial Officers Under Section 1983*, 79 Yale L.J. 322 (1969). *See also* Brazier, *Judicial Immunity and the Independence of the Judiciary*, 1976 Pub.Law 397; Judge, Schirott & Bliss, *Judicial Immunity Under the Civil Rights Act: Here Come the Judge's Defenses*, 7 John Marshall J. Prac. & Proc. 213 (1974); McCormack & Kirkpatrick, *Immunities of State Officials Under Section 1983*, 8 Rutgers-Camden L.J. 65, 69–82 (1976).