**Doyle ANDERSON, Plaintiff,**

v.

**Roy "Bud" BYARS and Phillip Reeves, Defendants.**

**No. CIV–80–1064–D.**

United States District Court, W. D. Oklahoma.

Oct. 14, 1980.

Doyle Anderson, pro se.

No attorney of record for defendants.

### ORDER

DAUGHERTY, Chief Judge.

Plaintiff has filed herein, *pro se, in forma pauperis*, his civil rights complaint pursuant to 42 U.S.C. § 1983. According to plaintiff's complaint, he was found guilty after trial by jury in the District Court of Okfuskee County, Oklahoma of the crime of Bribing An Officer. Defendant Reeves was plaintiff's attorney of record at the trial. Defendant Byars was subsequently retained

by plaintiff in connection with an application for post-conviction relief. Plaintiff asserts that his Sixth, Eighth and Fourteenth Amendment rights were violated by the failure of defendant Reeves to perfect an appeal on plaintiff's behalf and by the denial of his request for a transcript, assertedly in furtherance of a conspiracy between defendants, the Assistant District Attorney and the District Judge for Okfuskee County.

Basic to any action under 42 U.S.C. § 1983 is the allegation by the plaintiff that defendant or defendants were acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Private citizens, including privately retained or appointed defense counsel, cannot be sued under 42 U.S.C. § 1983 for acts or omissions during their representation of a defendant. *Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1978); *Steward v. Meeker*, 459 F.2d 669 (3rd Cir. 1972); *Hill v. McClellan*, 490 F.2d 859 (5th Cir. 1974); *Thomas v. Howard*, 455 F.2d 228 (3rd Cir. 1972); *United States ex rel. Simmons v. Zibilich*, 542 F.2d 259 (5th Cir. 1976); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976); *Blevins v. Ford*, 572 F.2d 1336 (9th Cir. 1978).

In *Schetter v. Heim*, 300 F.Supp. 1070 (E.D.Wis.1969), an action in which it was alleged that defendants conspired to defraud plaintiff of his property and which alleged diversity and § 1983 jurisdiction, the court noted that:

"Private persons, although they may in fact deprive another person of federally protected rights, are not liable under § 1983."

*See also Palacios v. Foltz*, 441 F.2d 1196 (10th Cir. 1971); *Bethea v. Crouse*, 417 F.2d 504 (10th Cir. 1969).

Although plaintiff asserts that he is being denied a transcript through collusion between defendants, the Assistant District Attorney and the District Judge, his statement of the nature of his case indicates that he holds only the two defendants responsible for the denial of his transcript, the Assistant District Attorney and the District Judge being mentioned solely because the Assistant District Attorney opposed plaintiff's Application for Post-Conviction Relief and the District Judge denied the application. The action of the Assistant District Attorney in opposing plaintiff's application is clearly an exercise of the prosecutorial function and, as such, entitles him to absolute prosecutorial immunity under *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Similarly, the action of the District Judge in denying the application is clearly an exercise of the judicial function and, as such, entitles him to absolute judicial immunity under *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). To underscore the absolute nature of the judicial immunity, the court in *Pierson* stated:

"This immunity applies even when the judge is accused of acting maliciously and corruptly . . . ."

*See also Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

In *Perez v. Borchers*, 567 F.2d 285 (5th Cir. 1978) plaintiff had asserted a conspiracy between private citizens, a justice of the peace and several prosecutors. After determining that the justice of the peace and the prosecutors were entitled to immunity, the court stated, with regard to the liability of the remaining alleged conspirators:

"As private citizens they cannot be liable for conspiring with the other defendants who are entitled to immunity, since they are not conspiring with persons acting under color of law against whom a valid claim could be stated."

*See also Humble v. Foreman*, 563 F.2d 780 (5th Cir. 1977); *Hill v. McClellan*, 490 F.2d 859 (5th Cir. 1974); *Kurz v. State of Michigan*, 548 F.2d 172 (6th Cir. 1977); and *Hansen v. Ahlgrimm*, 520 F.2d 768 (7th Cir. 1975).

Plaintiff has therefore failed to allege facts which, if proven, would state a cause of action under § 1983.

Moreover, even though plaintiff may have been granted leave to file his action *in forma pauperis* pursuant to 28 U.S.C. § 1915, as was the case here, it is entirely proper for the court to dismiss an action at any time it is satisfied that the action is frivolous or malicious. *Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972), *cert. denied*, 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692; 28 U.S.C. § 1915(d). The test for determining frivolity is whether plaintiff can make any rational argument on the law or the facts to support his claim. *Bennett v. Passic*, 545 F.2d 1260 (10th Cir. 1976); *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

This court is satisfied that petitioner can make no rational argument on the law or the facts under which he would be entitled to relief herein.

In view of the foregoing, the civil rights complaint filed by plaintiff herein should be dismissed.

IT IS SO ORDERED.