IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30316
Summary Calendar
_____

MICHAEL COLLINS,

Plaintiff-Appellant,

versus

NEW ORLEANS POLICE DEPARTMENT,
House of Detention; NEW ORLEANS
DISTRICT ATTORNEY'S OFFICE;
UNIDENTIFIED PARTIES; HARRY
CONNICK, SR., Orleans Parish
District Attorney,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-3022-G
--------------------
January 5, 2001

Before JOLLY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Michael Collins, now Nevada prisoner # 58123, challenges the district court's dismissal as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(b)(i), of his 42 U.S.C. § 1983 civil rights complaint. Specifically, Collins argues that the district court erred in determining that the Orleans Parish District Attorney ("the District Attorney"), in his individual capacity, was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

entitled to absolute immunity. Collins urges that the District Attorney's conduct fell outside of his role as prosecutor, was not quasi-judicial, and was thus not covered by absolute immunity.

The acts about which Collins complains are based upon the District Attorney's attempt to facilitate his extradition to Nevada. The District Attorney's role in the extradition process is a quasi-judicial function entitling him to absolute immunity. See Collins v. Moore, 441 F.2d 550, 551 (5th Cir. 1971); see also Dababnah v. Keller-Burnside, 208 F.3d 467, 471-72 (4th Cir. 2000); Muhammad v. State, 2000 WL 1568210, *3 (E.D. La. Oct. 18, 2000). The prosecutor's immunity is not stripped even if he acted maliciously or in excess of his authority. See Kerr v. Lyford, 171 F.3d 330, 337 (5th Cir. 1999). Accordingly, the district court's judgment is AFFIRMED.