# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60245
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2018

Lyle W. Cayce
Clerk

DONALD KEITH SMITH,

Plaintiff-Appellant

v.

ANGEL MYERS; VICTOR CARMODY, JR.; KEVIN STEWART,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:15-CV-356

Before STEWART, Chief Judge, and GRAVES and DUNCAN, Circuit Judges.
PER CURIAM:[*]

Donald Keith Smith, current federal prisoner # 15601-003 and former Mississippi prisoner # 150025, appeals the district court's dismissal of his in forma pauperis (IFP) civil rights complaint against Jackson County Assistant District Attorney Angel Myers, Victor Carmody, Jr., and Kevin Stewart. Smith contends that the district court erred in sua sponte setting the case for trial without affording him an opportunity to conduct discovery. He also contends

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60245

that the district court erred in dismissing his complaint for failure to state a claim because the case had already been screened and set for trial.

The district court was not required to allow Smith to conduct discovery prior to dismissing his IFP complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Southwestern Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008). Further, although § 1915(e)(2)(B) dismissals are often made sua sponte prior to the issuance of process, *Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991), the statute's plain language permits the district court to dismiss the case "at any time," § 1915(e)(2).

Smith does not challenge the district court's reasons for dismissing his 42 U.S.C. §§ 1985(3) and 1986 claims against Myers. These issues are therefore abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Instead, Smith contends that Myers was not entitled to absolute prosecutorial immunity, that he was not afforded an opportunity to elaborate on the immunity issues, and that Myers's motion to dismiss should have been treated as a motion for summary judgment.

Contrary to Smith's contention, he was afforded an opportunity to address Myers's absolute immunity defense, and the district court properly construed Myers's motion to dismiss as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Further, because Myers's alleged actions were "intimately associated with the judicial phase of the criminal process," the district court did not err in concluding that she was entitled to absolute prosecutorial immunity from suit for damages under 42 U.S.C. § 1983. *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016) (internal quotation marks and citation omitted); *see also Humble v. Foreman*, 563 F.2d 780, 781 (5th Cir. 1977), *overruled on other*

*grounds by Sparks v. Duval Cnty. Ranch Co., Inc.*, 604 F.2d 976 (5th Cir. 1979) (en banc).

Finally, Smith challenges the district court's dismissal without prejudice of his §§ 1983, 1985(3), and 1986 claims against Stewart and Carmody. He argues that his allegations were sufficient to state a cognizable conspiracy claim and that § 1985(3) is not limited to race-based conspiracies.

Although private attorneys may be liable under § 1983 if they conspire with state officials, *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988), Smith's conclusional allegations, without reference to facts tending to show that the defendants acted in concert with the specific intent to violate his right not to be tried while incompetent, were insufficient to state a conspiracy claim, *see Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 687 (2018); *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004). His conclusional allegations were likewise insufficient to state a § 1985(3) claim against Stewart and Carmody. *See Holdiness v. Stroud*, 808 F.2d 417, 424-25 (5th Cir. 1987). Because Smith did not state a valid § 1985(3) claim, his § 1986 claims against Stewart and Carmody were also properly dismissed without prejudice. *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000). Accordingly, the district court's judgment is AFFIRMED.