**L. Patrick GRAY, III, Plaintiff,**

v.

**Griffin BELL, et al., Defendants.**

**Civ. A. No. 81–836.**

United States District Court,
District of Columbia.

July 9, 1982.

---

Alan I. Baron, Ellen Scalettar, Frank Bernstein, Conaway & Goldman, Baltimore, Md., Robert F. Condon, Finley, Kumble, Wagner, Heine, Underberg & Casey, Washington, D. C., for plaintiff.

John Oliver Birch, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM

JOHN LEWIS SMITH, Jr., Chief Judge.

L. Patrick Gray, III, a former Acting Director of the Federal Bureau of Investigation (FBI), brings this action against the

United States as well as former Attorney General Griffin Bell and fifteen Department of Justice attorneys, all of whom are sued individually and in their official capacity. Gray asserts several claims arising out of defendants' roles in his indictment for conspiring against the rights of citizens in violation of section 241 of title 18, 18 U.S.C. § 241 (1976). The action is before the Court on defendants' motion to dismiss.

## I.

According to the amended complaint in this action, a federal grand jury for the District of Columbia on April 10, 1978 indicted Gray along with W. Mark Felt, a former Acting Associate Director of the FBI, and Edward S. Miller, a former Assistant Director for the Domestic Intelligence Division of the FBI, for conspiring against the rights of citizens. The indictment alleged that Gray, Felt and Miller had conspired to deprive certain relatives and acquaintances of fugitives connected with the so-called "Weatherman" organization of their Fourth Amendment rights by utilization of surreptitious entries, or "bag jobs," as an investigative technique. Gray's involvement in the conspiracy, according to the indictment, rested primarily on information suggesting that he had given generic authorization for the use of "bag jobs" in the FBI's effort to apprehend the Weatherman fugitives.

On December 10, 1980, the Department of Justice moved for dismissal of the case against Gray. The district court granted the Department's motion and the case was nolle prossed. Felt and Miller were later tried and convicted. On March 26, 1981 they were given a full and unconditional pardon by President Reagan.

On April 9, 1981, Gray filed this action. In Count One of his amended complaint, Gray alleges that defendants violated his Fifth Amendment rights to due process of law and indictment by an informed and unbiased grand jury by conducting a negligent pre-indictment investigation. Specifically, Gray alleges that defendants conducted a negligent pre-indictment investigation and, as a result, presented false and misleading evidence to the grand jury, failed to obtain and present to the grand jury certain exculpatory evidence and, in addition, failed to present to the grand jury certain exculpatory evidence that they had obtained. In Count Two, Gray alleges that defendants willfully and maliciously violated his Fifth Amendment rights to due process of law and indictment by an informed and unbiased grand jury by presenting false and misleading evidence to the grand jury and by withholding certain exculpatory evidence from the grand jury. In Count Three, Gray asserts causes of action under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. (1976 & Supp. IV 1980), based on his allegations in Counts One, Two and Four. In Count Four, Gray asserts a common law cause of action for malicious prosecution.

Defendants seek to dismiss this action on several grounds. Defendants argue that all of Gray's claims are barred by the doctrine of collateral estoppel and, in addition, that the amended complaint fails to state claims upon which relief can be granted. Defendants further contend that defendant Bell and the fifteen Department of Justice attorneys named as defendants are entitled to absolute immunity as prosecutors under the circumstances of this case.

## II.

Under the Supreme Court's landmark decision in Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the test for determining whether a prosecutor is entitled to absolute immunity or only qualified immunity is a functional one.[1] A prosecutor engaging in advocatory, or quasi-judicial, activities is entitled to absolute immunity. Id. at 430, 96 S.Ct. at 994; Dellums v. Powell, 660 F.2d 802, 806–07 (D.C. Cir.1981); Simons v. Bellinger, 643 F.2d

---

1. Gray does not allege that defendants acted outside the scope of their duties as prosecutors. See Briggs v. Goodwin, 569 F.2d 10, 15–16 (D.C.Cir.1977), cert. denied, 437 U.S. 904, 98 S.Ct. 3089, 57 L.Ed.2d 1133 (1978).

774, 784 (D.C.Cir.1980). A prosecutor engaging in investigative or administrative activities is entitled to only qualified immunity. *Halperin v. Kissinger*, 606 F.2d 1192, 1208 (D.C.Cir.1979), *aff'd by an equally divided Court per curiam*, 452 U.S. 713, 101 S.Ct. 3132, 69 L.Ed.2d 367 (1981); *Briggs v. Goodwin*, 569 F.2d 10, 21 (D.C.Cir.1977), *cert. denied*, 437 U.S. 904, 98 S.Ct. 3089, 57 L.Ed.2d 1133 (1978); *Apton v. Wilson*, 506 F.2d 83, 93 (D.C.Cir.1974). *See Harlow v. Fitzgerald*, —— U.S. ——, —— n.16, 102 S.Ct. 2727, 2735 n.16, 73 L.Ed.2d 396 (1982).

In *Imbler*, the Supreme Court recognized that the advocatory activities of a prosecutor often involve "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Imbler v. Pachtman*, 424 U.S. at 431 n.33, 96 S.Ct. at 995 n.33. As the Supreme Court explained:

> A prosecuting attorney is required constantly, in the course of his duty as such, to make decisions on a wide variety of sensitive issues. These include questions of whether to present a case to a grand jury, whether to file an information, whether and when to prosecute, whether to dismiss an indictment against particular defendants, which witnesses to call, and what other evidence to present. Preparation, both for the initiation of the criminal process and for a trial, may require the obtaining, reviewing, and evaluating of evidence.

The Supreme Court also recognized, however, that

> [a]t some point, and with respect to some decisions, the prosecutor no doubt functions as an administrator rather than as an officer of the court. Drawing a proper line between these functions may present difficult questions. . . .

*Id.*

The Court of Appeals for this Circuit has analyzed "the plain import of the Court's remarks" in *Imbler* as follows:

Although the passage quoted above makes clear that a prosecutor's advocacy function does extend beyond the confines of the trial courtroom, the examples of such preliminary advocate activities provided by the Supreme Court are instructive for their common focus on a particular criminal proceeding. By the plain import of the Court's remarks, absolute immunity under *Imbler* extends only so far as necessary to protect a prosecutor's decision with respect to the initiation and conduct of particular cases. *Imbler* does not, in our reading, immunize prosecutors for any and all measures they may undertake in the course of wide-ranging law enforcement investigations or general fact-finding expeditions.

*Briggs v. Goodwin*, 569 F.2d at 19–20.

### III.

In Count One, Gray alleges that defendants violated his Fifth Amendment rights to due process of law and indictment by an informed and unbiased grand jury by conducting a negligent pre-indictment investigation. By alleging here that defendants' negligence in conducting the pre-indictment investigation legally caused subsequent violations of his Fifth Amendment rights,[2] Gray assumes that defendants owed him a duty under the Fifth Amendment to conduct a careful, thorough investigation before presenting evidence to the grand jury in their attempt to obtain his indictment. This assumption, however, is misplaced.

Although defendants did owe Gray some duties during the course of their pre-indictment investigation, such as not to violate his Fourth Amendment rights, *see Halperin v. Kissinger*, 606 F.2d at 1208; *Apton v. Wilson*, 506 F.2d at 93, defendants owed Gray no duty under the Fifth Amendment to conduct a careful, thorough pre-indictment investigation.[3] As is well settled,

---

**2.** To the extent that Gray's allegations here also encompass a claim involving negligence in presenting or failing to present evidence to the grand jury, the analysis in Part IV provides the appropriate basis for dismissal.

**3.** To the extent that Gray attempts to assert a common law negligence claim in addition to the claim of a constitutional tort based on the Fifth Amendment, Gray similarly fails to establish the existence of any relevant duty under the common law owed to him by defendants.

prosecutors have no duty to withhold inadequate or incompetent evidence from the grand jury, *see United States v. Calandra,* 414 U.S. 338, 349–52, 94 S.Ct. 613, 620–22, 38 L.Ed.2d 561 (1974); *Costello v. United States,* 350 U.S. 359, 361–64, 76 S.Ct. 406, 407–09, 100 L.Ed. 397 (1956), nor do prosecutors have a duty to present to the grand jury exculpatory evidence that they have obtained,[4] *see United States v. Lasky,* 600 F.2d 765, 768 (9th Cir.), *cert. denied* 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979); *United States v. Ruyle,* 524 F.2d 1133, 1136 (6th Cir. 1975), *cert. denied,* 425 U.S. 934, 96 S.Ct. 1664, 48 L.Ed.2d 175 (1976); *United States v. Mandel,* 415 F.Supp. 1033, 1042 (D.Md.1976). Prosecutors *a fortiori* have no duty to seek evidence that is adequate, competent or exculpatory. As stated in *United States v. Ciambrone,* 601 F.2d 616, 622 (2d Cir. 1979);

> Despite recent movements for revision of grand jury procedure, a prosecutor is not presently obligated to search for and submit to a grand jury evidence favorable to the defense or negating guilt, when it has not been requested by the grand jury.

*Accord United States v. Olin Corp.,* 465 F.Supp. 1120, 1128 (W.D.N.Y.1979). Thus, Count One must be dismissed for failure to state a claim upon which relief can be granted.

Even assuming that defendants did owe Gray a duty under the Fifth Amendment to conduct a careful, thorough pre-indictment investigation, defendants are entitled to absolute immunity[5] because their activities in this case, as specifically alleged by Gray, must be characterized as advocatory and not investigative. Any other conclusion "would surely offend the prin-

ciples of *Imbler." Dellums v. Powell,* 660 F.2d at 806 n.13. "Never has a prosecutorial official been held liable for causing a prosecution to be brought." *Id.* at 806 (footnote omitted).

In *Simons v. Bellinger,* 643 F.2d at 784 (footnotes omitted), the Court of Appeals for this Circuit explained:

> *Briggs* [*v. Goodwin,* 569 F.2d at 21–24] directs us to look beyond both the guise and setting of the prosecutor's activity and to examine, instead, the maturity of his investigation. At some point, the prosecutor's inquiry becomes sufficiently focused so that he is preparing a case against a particular defendant rather than seeking a defendant against whom he may prepare a case. At this point, his efforts become advocatory: they are intimately associated with the sensitive decision of whether or not to initiate a particular prosecution, a decision which is left to advocates, not investigators.

Although Gray alleges that defendants conducted a "broad and wide-ranging" investigation designed to uncover any FBI wrongdoing, he challenges only activities that took place after the investigation had matured to the point at which defendants were "preparing a case against a particular defendant rather than seeking a defendant against whom ... [t]o prepare a case." *Simons v. Bellinger,* 643 F.2d at 784 (footnote omitted). Defendants' allegedly negligent activities "had focused upon both a set of defendants and a specific wrong," *id.; see id.* at 785 n.16; *Briggs v. Goodwin,* 569 F.2d at 19–20, and were related to the "initiation and conduct" of a particular criminal proceeding, *Simons v. Bellinger,*

---

4. At trial, in contrast, prosecutors have a duty under the due process of law requirement of the Fifth Amendment "to bring to the attention of the court or of proper officials all significant evidence suggestive of innocence or mitigation." *Imbler v. Pachtman,* 424 U.S. 409, 427 n.25, 96 S.Ct. 984, 993 n.25, 47 L.Ed.2d 128 (1976).

5. Even if defendants are entitled only to qualified immunity under the circumstances of this case, they still are immune from suit. As the Supreme Court recently held "government offi-

cials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* —— U.S. ——, , 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1980). Assuming that defendants did owe Gray a duty under the Fifth Amendment to conduct a careful, thorough pre-indictment investigation, that duty was not clearly established at the time of their actions.

643 F.2d at 784 n.15 (quoting *Briggs v. Goodwin,* 569 F.2d at 20). *See Cook v. Houston Post,* 616 F.2d 791, 793 (5th Cir. 1980); *Henzel v. Gerstein,* 608 F.2d 654, 657 (5th Cir. 1979); *Forsyth v. Kleindienst,* 599 F.2d 1203, 1215 (3rd Cir. 1979), *cert. denied,* 453 U.S. 913, 101 S.Ct. 3147, 69 L.Ed.2d 997 (1981); *Conner v. Pickett,* 552 F.2d 585, 586 (5th Cir. 1977). Indeed, it is difficult to conceive how defendants' duty to Gray under the Fifth Amendment to conduct a careful, thorough pre-indictment investigation, if in fact that duty exists, could even arise until the investigation had "focused upon" Gray and his suspected crime.

One further reason supports the conclusion that defendants' allegedly negligent activities are advocatory and not investigative. In *Briggs v. Goodwin,* 569 F.2d at 24 (quoting *Apton v. Wilson,* 506 F.2d at 94), the Court of Appeals for this Circuit indicated:

> When prosecutorial activity is properly classified [as advocatory] . . . , "the circumstances typically provide alternative instruments of the judicial branch to check misconduct—the discretion of the grand jury, the procedures of a trial, and the potential sanction of discipline imposed by the court itself."

In this case, all three of the potential checks are present. *See also Imbler v. Pachtman,* 424 U.S. at 427, 429, 96 S.Ct. at 993, 994.

### IV.

■ In Count Two, Gray alleges that defendants willfully and maliciously violated his Fifth Amendment rights to due process of law and indictment by an informed and unbiased grand jury by presenting false and misleading evidence to the grand jury and by withholding certain exculpatory evidence from the grand jury. As discussed above, however, defendants owed Gray no duty under the Fifth Amendment to withhold false or misleading evidence from the grand jury or to present exculpatory evidence to the grand jury. Of course, even assuming that defendants did owe Gray that duty, or perhaps only a duty under the

Fifth Amendment not to present knowingly false evidence to the grand jury, *see United States v. Kennedy,* 564 F.2d 1329, 1338 (9th Cir. 1977), *cert. denied,* 435 U.S. 944, 98 S.Ct. 1526, 55 L.Ed.2d 541 (1978), defendants nevertheless are entitled to absolute immunity [6] because the presentation of evidence to the grand jury indisputably is an advocatory function of a prosecutor, *see Cook v. Houston Post,* 616 F.2d at 793; *Henzel v. Gerstein,* 608 F.2d at 657; *Prince v. Wallace,* 568 F.2d 1176, 1178–79 (5th Cir. 1978); *Conner v. Pickett,* 552 F.2d at 586; *Brawer v. Horowitz,* 535 F.2d 830, 834 (3d Cir. 1976); *Marlowe v. Coakley,* 404 F.2d 70, 70–71 (9th Cir. 1968), *cert. denied,* 395 U.S. 947, 89 S.Ct. 2017, 23 L.Ed.2d 465 (1969).

### V.

■ In Count Four, Gray asserts a common law cause of action for malicious prosecution. As discussed at length by the Supreme Court in *Imbler v. Pachtman,* 424 U.S. at 421–24, 96 S.Ct. at 990–92, however, prosecutors are entitled to absolute immunity from causes of action based on the common law tort of malicious prosecution. *See Yaselli v. Goff,* 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927), *aff'g per curiam* 12 F.2d 396 (2d Cir. 1926).

### VI.

■ In Count Three, Gray asserts causes of action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* (1976 & Supp. IV 1980), based on his allegations in Counts One, Two and Four. These causes of action, however, cannot be brought under the Federal Tort Claims Act. The United States did not waive its sovereign immunity for

> [a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a) (1976). All three causes of action here are based upon discretionary

---

**6.** See note 5 *supra.*

functions allegedly performed inadequately by defendants.

 Despite Gray's contentions to the contrary, moreover, the cause of action based upon his allegations of malicious prosecution does not fall within the United States' waiver of sovereign immunity contained in the proviso clause of section 2680(h) of the Federal Tort Claims Act. Under section 2680(h), the United States' waiver of sovereign immunity does not apply to:

[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided,* That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680(h) (1976). The United States' waiver of sovereign immunity for claims arising out of malicious prosecution, as set forth in the proviso clause, does not apply to the acts or omissions of federal prosecutors because federal prosecutors are not "investigative or law enforcement officers." Federal prosecutors are not empowered by law "to execute searches, to seize evidence, or to make arrests for violations of Federal law." *See* 28 U.S.C. § 547 (1976). *See also* S.Rep.No.588, 93d Cong., 1st Sess. 2–4 (1973).

## VII.

Accepting as true Gray's detailed allegations of defendants' wrongdoing, this Court's decision today, to the extent that it rests on an application of the doctrine of absolute immunity, does leave Gray without civil redress for wrongs done to him. This result must obtain, however, because "the alternative of qualifying a prosecutor's immunity would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system." *Imbler v. Pachtman,* 424 U.S. at 427–28, 96 S.Ct. at 993–94 (footnote omitted). As explained by Judge Hand:

As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation.

*Gregoire v. Biddle,* 177 F.2d 579, 581 (2d Cir. 1949), *cert. denied,* 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950).

Accordingly, defendants' motion to dismiss is granted as to all four counts of Gray's amended complaint.