UNITED STATES of America

v.

Oliver L. NORTH.

Crim. No. 88–0080–02.

United States District Court, District of Columbia.

Nov. 17, 1988.

ORDER

GESELL, District Judge.

Re: *Defendant North's Motion (#50) to Dismiss for Prosecutorial Abuse of the Grand Jury Process or, in the Alternative, for Production of Grand Jury Records.*

The above motion is denied.

This is a motion which, by caption and text, appears significant but which, in substance, is, to a considerable extent, based on misinformation and hyperbole.

The motion calls on the Court to exercise its supervisory powers to dismiss the entire

indictment, suggesting that Independent Counsel Walsh

> systematically excluded exculpatory evidence from the grand jury, and gave it instructions on the law that were patently erroneous and possibly intentionally misleading.... IC conducted the grand jury proceedings in the presence of unauthorized individuals in violation of Rule 6(d) of the Federal Rules of Criminal Procedure and, among other violations, apparently deliberately created an atmosphere where the grand jurors thought they were undertaking a joint effort with the IC against the defendant, rather than serving as a bulwark against prosecutorial overreaching....

Def's Motion at 3.

These exaggerated statements are made in total disregard of the careful instructions and monitoring of the grand jury throughout its proceedings by the Chief Judge of this Court. Moreover, the statements concerning what occurred before the grand jury are largely based on inferences reached by Counsel without any knowledge of what actually took place. Indeed, North finds it appropriate to assert prosecutorial misconduct in the harshest terms based solely on his self-serving suspicions. This is not the mark of responsible advocacy.

■ A few examples will illustrate. The central theme of this motion is the claim that Mr. Walsh failed to present exculpatory evidence to the grand jury. Yet, contrary to counsel's suggestion, *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.

2d 215 (1963), does not require that all exculpatory evidence be presented to the grand jury, and neither does the Fifth Amendment. A grand jury proceeding is not a trial and possibly exculpatory evidence is only of legal consequence in this context if it is of such quality that the prosecutor has good reason to believe it could lead the jury not to indict. In such a case some federal courts have held that the prosecutor should present this evidence to the grand jury. *United States v. Ciambrone*, 601 F.2d 616 (2d Cir.1979)[1]; *United States v. Page*, 808 F.2d 723, 727–728 (10th Cir.1987); *Gray v. Bell*, 542 F.Supp. 927, 931 (D.D.C.1982), *aff'd*, 712 F.2d 490 (D.C. Cir.1983), *cert. denied*, 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984).[2] Not only were some matters North considers vital presented, but other suggested omissions do not anywhere approach the strict *Ciambrone* standard mentioned above. Their omission certainly does not indicate a deliberate attempt to mislead or a "pattern of misconduct" on the part of the IC, as North suggests.

■ Secondarily, North excoriates the Independent Counsel, suggesting he failed to inform the grand jury regarding the application of the Boland Amendments. The grand jury did have the Tower Commission report, which addresses aspects of this question (*Report of the President's Special Review Board*, at C–1, 2) and there is no requirement that the grand jury be instructed on every aspect of the law, as North appears to suggest.

---

**1.** Although *Ciambrone* squarely holds that the prosecutor is ordinarily not required "to search for and submit evidence favorable to the defendant to the grand jury," it contains the seeds of another exception—"when it has not been requested by the grand jury." 601 F.2d at 622. In this case, the grand jury did request that material relating to the Congressional proceedings be submitted, but that request was of course denied to avoid tainting the proceedings.

**2.** Several other Circuits have not accepted the *Ciambrone* standard but have held that the prosecutor has no obligation to present exculpatory evidence to the grand jury. *United States v. Ismaili*, 828 F.2d 153, 165 n. 13 (3d Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 1110, 99 L.Ed.2d 271 (1988); *United States v. Bucci*, 839

F.2d 825, 831 (1st Cir.), *cert. denied*, — U.S. —, 109 S.Ct. 117, 102 L.Ed.2d 91 (1988); *United States v. Buffington*, 815 F.2d 1292, 1304 (9th Cir.1987); *United States v. Hawkins*, 765 F.2d 1482, 1488 (11th Cir.1985), *cert. denied*, 474 U.S. 1103, 106 S.Ct. 886, 88 L.Ed.2d 921 (1986); *United States v. Adamo*, 742 F.2d 927, 937–38 (6th Cir.1984), *cert. denied*, 469 U.S. 1193, 105 S.Ct. 971, 83 L.Ed.2d 975 (1985). *See also, United States v. Civella*, 666 F.2d 1122, 1127 (8th Cir. 1981) (prosecutor need not disclose facts that constitute a defense). These courts have reasoned that, because the grand jury determines only whether probable cause exists to indict, rather than making the final determination of guilt or innocence, exculpatory evidence need not be presented at this stage.

North refers to "countless other examples" to which he makes no other reference and then reverses himself, saying that if Mr. Walsh did not withhold exculpatory information, he did not adequately explain its legal significance. Never have prosecutors had to present all possible legal defenses to a grand jury, much less did the Independent Counsel have to introduce the ones suggested by North, many of which are based on the most speculative of legal theories, as this court has so ruled in dismissing several of his motions.

■ In an effort to bolster his objections to exclusions of exculpatory evidence, North makes much of the fact that the Independent Counsel's disclosures of *Brady* material make no mention of whether it was presented to the grand jury. North labels this a "systematic failure." However, Independent Counsel need only advise North of the *Brady* information which has come to his attention in any manner. He is under no order or other legal obligation to advise North whether or not the *Brady* material was presented to the grand jury.

■ Similarly, North attacks the prosecutor for not telling him who appeared before the grand jury. Again, there is no requirement that he do so and, indeed, he is prohibited from doing so without Court order. Fed.R.Crim.P. 6(e)(2).

■ North urges the Court to dismiss the indictment for various other matters which he says constitute improper prosecutorial influence over the grand jury deliberations and warrant dismissal. For example, he complains that Mr. Walsh was sometimes referred to in the proceeding as Judge Walsh, contending this led the grand jury to believe a court was prosecuting the case. This far-fetched contention ignores entirely the Court's prior advice to counsel in open court that there had been the fullest and most complete disclosure to the grand jury of Mr. Walsh's nonjudicial status. Likewise, when Mr. Walsh urged the jurors to avoid contamination by the immunized proceedings on Capitol Hill, he commented on his personal efforts in avoiding exposure. Such comments are appropriate and do not render the jury unconstitutionally partial and biased. The remarks of Mr. Walsh are grossly misinterpreted.

■ North also attempts to raise a constitutional challenge to Mr. Walsh's use of Associate Counsel before the grand jury, and urges that their presence violates Rule 6(d). This is meritless in light of *Morrison v. Olson,* — U.S. —, 108 S.Ct. 2597, 101 L.Ed.2d 569 (1988), the Ethics in Government Act, 28 U.S.C. § 591 *et seq.,* the Department of Justice regulation, 28 C.F.R. § 600.1(a)(1)(c), and this Circuit's decision in *In re Sealed Case,* 829 F.2d 50, 57 (D.C.Cir.1987).

Nothing presented to the Court in these motion papers warrants any action by the Court, including the alternative suggestion that the grand jury transcript be turned over to North at this time.

SO ORDERED.