Walter A. KURZ and Delores J. Kurz,
Plaintiffs-Appellants,

v.

The STATE OF MICHIGAN et al.,
Defendants-Appellees.

No. 75–1706.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 15, 1976.

Decided Jan. 24, 1977.

Rehearing and Rehearing En Banc
Denied May 9, 1977.

David M. Hayes, James C. VanDyke, Clark, Klein, Winter, Parsons & Prewitt, Detroit, Mich., Frank J. Kelley, Atty. Gen. of Michigan, Mark Blumer, Lansing, Mich., Charles T. McGorisk, Jeannette A. Paskin, Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, Detroit, Mich., Oliver J. Golden, Monroe, Mich., for defendants-appellees.

Before EDWARDS, CELEBREZZE and LIVELY, Circuit Judges.

EDWARDS, Circuit Judge.

This is an appeal from the dismissal of a suit for damages for alleged violations of federal civil rights under 42 U.S.C. §§ 1983, 1985 (1970), accompanied by a variety of allegedly pendent state law claims for personal injuries. The District Judge dismissed this complaint on the grounds of a statute of limitation. We reach the same result as did the District Judge, but for different reasons.

This case originated with plaintiff-appellant Kurz, a Detroit lawyer, representing a client named Bates who was charged in a Monroe County Circuit Court with being a third-offense drunk driver. In the course of this criminal prosecution Kurz and the Circuit Judge to whom the case was assigned had a variety of conflicting opinions as to how the case should be tried. Three days before a 10-day trial was concluded, the Circuit Judge announced nine rules to govern the conduct of both attorneys for the duration of the trial and indicated that contempt findings would be entered for any violation of those rules.

The trial continued to conclusion and Kurz's client was found guilty. Nine months later the Circuit Judge issued an order directing the plaintiff to show cause why he should not be held in contempt. Said order included 107 contempt of court citations. After hearing, plaintiff was convicted on all but one of the contempt charges.

On appeal to the Michigan Court of Appeals that court reversed the Circuit Judge's rulings and dismissed all of the contempt charges. *People v. Kurz*, 35 Mich. App. 643, 192 N.W.2d 594 (1971). The Su-

Walter A. Kurz, Detroit, Mich., for plaintiffs-appellants.

preme Court of Michigan subsequently denied the prosecution's application for leave to appeal. *People v. Kurz*, 387. Mich. 756 (1972).

Thereupon (but not immediately) plaintiffs, husband and wife, filed the instant action on April 18, 1974. The complaint alleges conspiracy to violate federally protected civil rights, malicious prosecution, abuse of process, invasion of privacy, intentional infliction of mental suffering, and loss of consortium. The District Judge entertained a motion to dismiss filed by the defendants, and dismissed the action, holding that the Michigan three-year statute of limitations, Mich.Comp.Laws Ann. § 600.-5805(7) (1968), applied, since all of the complaints pertained to personal injury actions. He also, however, held that all of the actions began to run on April 9, 1970, the date of appellant's contempt conviction.

■ Our primary problem with the District Judge's basis for dismissal is that we are not at all sure that under Michigan law this accrual date can be earlier than April 21, 1972, the date of the Michigan Supreme Court's final decision on the defendant's last appeal in the contempt matter. This is less than two years from the filing date of the instant action on April 18, 1974. Malicious prosecution is governed by a two-year statute of limitations in Michigan. Mich. Comp.Laws Ann. § 600.5805(2) (1968). It would appear arguable that appellees' effort to appeal the Michigan Court of Appeals' vindication of appellant to the Michigan Supreme Court might be the last overt act in the alleged conspiracy. If so, the conspiracy to commit malicious prosecution would not be barred by the two-year statute. Rather than seek to resolve this purely state law question, we turn to appellee's other defenses, particularly judicial, prosecutorial and Eleventh Amendment immunity.

■ The principal defendant is a state Circuit Judge. All of the actions which constitute the basis for the complaint in relation to the judge took place in the discharge of his official duties. No immunity doctrine affecting persons is more strongly established than that of judicial immunity. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Saier v. State Bar of Michigan*, 293 F.2d 756 (6th Cir.), *cert. denied*, 368 U.S. 947, 82 S.Ct. 388, 7 L.Ed.2d 343 (1961); *Kenney v. Fox*, 232 F.2d 288 (6th Cir.), *cert. denied*, 352 U.S. 855, 77 S.Ct. 84, 1 L.Ed.2d 66 (1956). Dismissal of the cause of action against defendant Kelley is affirmed on grounds of immunity.

■ Since the time of the District Judge's dismissal of this case, prosecutorial immunity has been elevated by the present Supreme Court to a level very near to that of judicial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Appellees Rostash and Sullivan now have no need to rely upon immunity partially borrowed from the judiciary. *See Hurlburt v. Graham*, 323 F.2d 723, 725 (6th Cir. 1963). Dismissal as to these two defendants is affirmed on grounds of immunity.

■ The State of Michigan is plainly immune from this suit for damages under the Eleventh Amendment and the holding of *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The county of Monroe is not a "person" under 42 U.S.C. § 1983 (1970). *See City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). The action as to both government units plainly should have been dismissed.

■ The paragraph of appellants' complaint which contained the factual allegation against Michigan's Solicitor General Derengoski follows:

Robert A. Derengoski, Solicitor General, actively participated in the various appeals of the hereinafter complained of Contempt actions and convictions had and taken against plaintiff attorney, fought to have same sustained and represented defendant Judge Kelley, and/or the County of Monroe and/or the State of Michigan thereon.

These allegations related to acts alleged to have been performed entirely within the

ambit of official duty.[1] The allegations do not when "fairly read" assert that Derengoski acted "in an arbitrary manner, grossly abusing the lawful powers of office." *Scheuer v. Rhodes*, 416 U.S. 232, 235, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Under these circumstances any judgment against Derengoski as Solicitor General would really be a judgment against the State of Michigan and would likewise be barred by the Eleventh Amendment as interpreted in *Edelman v. Jordan, supra.* ·

The last of the defendants is appellant Kurz's former client, Bates. As to him Kurz's particularized allegations are:

> [D]efendant Bates filed a Complaint with and made claims to the State Bar of Michigan, alleging among other things, that during his criminal trial, plaintiff attorney had been offensive to the Judge, Prosecutor and Jury, consistently interrupted the witnesses, the prosecution and the judge and was found guilty of 106 Counts of Contempt of Court by defendant Judge Kelley—all of which plaintiff attorney denied . . . .

These allegations standing alone do not state a federal cause of action under § 1983, since they do not involve state action. Bates is also charged with conspiring with the other defendants in actions which they committed. We have already, on grounds stated, found all public official defendants in this case are entitled to immunity in this cause of action. Defendant Bates as a private citizen cannot be liable for conspiring with them to violate appellants' civil rights "under color of state law" when all of the state defendants are entirely immune. *Hansen v. Ahlgrimm*, 520 F.2d 768, 770 (7th Cir. 1975); *Sykes v. California*, 497 F.2d 197, 202 (9th Cir. 1974); *Hill v. McClellan*, 490 F.2d 859, 860 (5th Cir. 1974).

Since all portions of the claims in this cause of action which arise under federal law have now been dismissed, the state law claims are no longer pendent and must be dismissed likewise. *See United Mine Workers v. Gibbs*:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) (Footnotes omitted.)

The judgment of the District Court is affirmed.

---

1. Actually Derengoski has filed an affidavit which denies all of the allegations and states that he never filed an appearance or participated in any way in the litigation.