762 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ERNET L. MCMINN; SARAH MCMINN; JANET M. MCMINN, PLAINTIFFS-APPELLANTS,
v.
KERMIT K. NEELEY; ALBERT D. SHIRER; PHILLIP A.
BAIRD,DEFENDANTS-APPELLEES.
 NO. 84-3844
 United States Court of Appeals, Sixth Circuit.
 4/15/85
 
 ORDER
 BEFORE: MERRITT and MILBURN, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 
 1
 Plaintiff appeals the district court's order denying in forma pauperis status and dismissing the complaint. He now moves for in forma pauperis status on appeal. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of plaintiff's brief and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff filed this pro se action against Municipal Judge Kermit Neely, Municipal Clerk Albert Shirer, and Common Pleas Judge Phillip Baird. Plaintiff's amended complaint named Ohio Supreme Court Justice Frank Celebrezze as an additional defendant. He requested injunctive relief, damages, and 'impeachment' of Judge Baird. The district court denied pauper status and dismissed the action on the grounds that the complaint failed to state a claim. We find that the district court properly dismissed the complaint.
 
 
 3
 Plaintiff argues on appeal that the district court was required to follow the procedures established in Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983), and that it failed to consider his claims for injunctive relief. The procedures set forth in Tingler are not required if the action is dismissed under 28 U.S.C. Sec. 1915(d), which allows a district court to dismiss a frivolous action sua sponte. Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985); Tingler v. Marshall, supra. This Court also held in Brooks that while it is error for the district court to deny pauper status in such a case, the error is harmless when the complaint is frivolous. The district court's denial of pauper status in dismissing the complaint was harmless error since the complaint was frivolous.
 
 
 4
 Plaintiff alleged that the various defendants, all state court officials, thwarted his attempted state lawsuits. All of the acts alleged in the complaint were taken in the course of defendants' duties as court officials and therefore the defendants are immune from liability in a civil rights action. See Briscoe v. LaHue, 460 U.S. 325 (1983); Stump v. Sparkman, 435 U.S. 349 (1978); Kurz v. Michigan, 548 F.2d 172 (6th Cir.), cert. denied, 434 U.S. 972 (1977). Plaintiff is correct in stating that the defendants are not immune from injunctive relief. See Pulliam v. Allen, ---- U.S. ----, 104 S.Ct. 1970 (1984). However, plaintiff is requesting in his complaint that the federal courts review the defendants' conduct in their judicial capacity. Since a federal court is without jurisdiction to review the judicial action of state courts, Johns v. Supreme Court of Ohio, ---- F.2d ----, No. 83-3358 (6th Cir. Jan. 30, 1985), the complaint does not state a claim under 42 U.S.C. Sec. 1983.
 
 
 5
 Accordingly, it is ORDERED that the motion to proceed in forma pauperis is granted and the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(2).