**Roy Allen MELANCON, Plaintiff,**

v.

**BROWN & WILLIAMSON TOBACCO CORPORATION, et al., Defendants.**

**No. C 85–1042–L(B).**

United States District Court,
W.D. Kentucky,
Louisville Division.

Nov. 7, 1985.

Roy Allen Melancon, pro se.

Complaint was dismissed before answer filed; therefore, no entry of appearance by counsel for defendants.

## MEMORANDUM

BALLANTINE, District Judge.

Plaintiff, Roy Allen Melancon, pro se, has tendered a complaint under 42 U.S.C. Section 1983, accompanied by a motion to proceed in forma pauperis without the pre- payment of fees, costs, or the giving of security therefor.

The motion is granted, and the complaint is ORDERED filed.

Plaintiff is attempting to bring this suit against the Brown & Williamson Tobacco Corporation, and alleges while he was incarcerated he was unable to afford the price for rolled cigarettes so he smoked Bugler brand of cigarette tobacco made by Brown & Williamson Tobacco Corporation and has acquired a serious cough. Plaintiff alleges this cough has caused him discomfort, irritation and embarassment, and very well could lead to serious complications including cancer.

Plaintiff claims that none of the Bugler packages contain a warning that cigarette smoking is hazardous to one's health, the manufacturer should have known it was hazardous, and the warning should have been on the packages. As a result plaintiff alleges he continues to suffer with this cough which he believes Bugler cigarette tobacco contributed thereto.

Plaintiff alleges he is incarcerated in the Texas Department of Corrections.

Plaintiff has not alleged that the Brown & Williamson Tobacco Corporation was acting pursuant to color of state law, and therefore, does not fall with the ambit of the Civil Rights Statute, 42 U.S.C. Section 1983.

To establish a right to relief under Section 1983, a plaintiff must plead and prove at least two elements: (1) that he has been deprived of a right secured by the Constitution and laws of the United States; and (2) that the defendant deprived him of this right while acting under color of law. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), and *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

Plaintiff's allegations do not state a cause of action pursuant to 42 U.S.C. Section 1983 as there is no allegation defendant was acting under of law as required by the statute which says in pertinent part:
"Every person who, under color of any statute, ordinance, regulation. . . ."

Private citizens (corporations) cannot be sued under Section 1983 for nonstate related activities unless they have conspired with state officials. *Kurz v. State of Michigan*, 548 F.2d 172 (6th Cir.1977). Plaintiff has not alleged that Brown & Williamson Tobacco Corporation was involved in any conspiracy with state officials.

The usual procedure for such cases is for the matter to be referred to a Magistrate to file proposed recommendations, and the Magistrate generally follows the holding announced in *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir.1983). However, this Court has reviewed the record submitted and is convinced beyond a reasonable doubt that this plaintiff could prove no set of facts in support of his claim which would entitle him to relief.

In *Spruytte v. Walters*, 753 F.2d 498 (6th Cir.1985) the Court of Appeals reviewed its holdings in *Tingler, supra:*
"In *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir.1983), we held that a district court may not *sua sponte* dismiss a complaint without allowing service of the complaint on the defendant and permitting the plaintiff to amend the complaint or respond to the court's notice of intent to dismiss. *Id.* at 1112. The *Tingler* rule does not apply to dismissals of *in*

*forma pauperis* claims as frivolous under 28 U.S.C. section 1915(d). The district court's dismissal, therefore, must meet the requirements of section 1915(d). In *Malone v. Colyer*, 710 F.2d 258 (6th Cir.1983), we held that a complaint may be dismissed under section 1915(d) 'if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.' *Id.* at 261."

We hold this case is patently frivolous on its face, and the Court will dismiss it. 28 U.S.C. Section 1915(d).

An Order dismissing the action will be entered this date.