816 F.2d 682
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald G. TAYLOR, Jr., Plaintiff-Appellant,
v.
John M. BENGSTON, Defendant-Appellee.
 No. 86-1816.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1987.
 
 Before MARTIN, JONES and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff moves for counsel on appeal from the district court's order dismissing his prisoner's civil rights case as frivolous under 28 U.S.C. Sec. 1915(d). Pursuant to Rule 9(a), Rules of the Sixth Circuit, this appeal has been referred to a panel of the Court for consideration.
 
 
 2
 The plaintiff is a prisoner at the Kinross Correctional Facility in Kincheloe, Michigan. The defendant is a prison official. The complaint alleges that the prison official entered the plaintiff's cell, removed antenna leads from the back of the plaintiff's television, and damaged the television in the process. The official told the plaintiff he was taking these leads because they were illegal and constituted contraband. The plaintiff alleged that this taking was arbitrary and violated his due process rights and state regulations. He requested declaratory relief and damages.
 
 
 3
 The district court held that the deprivation of property in this case did not create a due process violation because there was an adequate state remedy to correct the wrong. Parratt v. Taylor, 451 U.S. 527, 541-42 (1981); Hudson v. Palmer, 468 U.S. 517, 533 (1984). Rule 3.105(A), Michigan Rules of Court, provides an action in replevin to recover wrongfully taken goods. Because the plaintiff did not carry his burden of proving that the state remedies were inadequate, Vicory v. Walton, 721 F.2d 1062, 1066 (6th Cir. 1983), cert. denied, 469 U.S. 834 (1984), the court held that the due process claim was barred. The court then dismissed the pendent state law claims. Kurz v. State of Michigan, 548 F.2d 172, 175 (6th Cir.), cert. denied, 434 U.S. 972 (1977). We agree with these conclusions of the district court.
 
 
 4
 The motion for counsel is denied. Upon consideration of the record and the plaintiff's brief, we affirm the order of the district court under Rule 9(b), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.