961 F.2d 1577
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Miguel A. GARGALLO, Plaintiff-Appellant,
v.
MERRILL LYNCH, PIERCE, FENNER, and SMITH, INC., Larry W.
Tyree, Defendants-Appellees.
 No. 91-3822.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1992.
 
 Before DAVID A. NELSON and RYAN, Circuit Judges, and FORESTER, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Miguel Gargallo, appearing pro se, appeals several orders of the district court, including a summary judgment dismissing all claims.
 
 
 2
 We are not strangers to this case. In Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, 918 F.2d 658 (6th Cir.1990), this court held that because the Ohio state courts lacked subject matter jurisdiction over counterclaims brought by Gargallo under federal securities laws, the dismissal of the counterclaims by the state court for failure to comply with discovery rules, while a judgment on the merits, could not, under Ohio law, be given preclusive effect in a subsequent federal court action. Id. at 662-62. We therefore reversed the district court's order granting summary judgment in favor of defendants on claim and issue preclusion grounds and remanded for further proceedings on the merits of Gargallo's federal claims.
 
 
 3
 The underlying facts and claims have not substantially changed since our earlier decision, but discovery has illuminated the lack of merit of Gargallo's claims and spawned a variety of motions and briefs which we now review. For the reasons set forth below, we conclude that the district court committed no error in its several rulings and we affirm its disposition of this case in all respects.
 
 I.
 
 4
 Gargallo maintained a margin account with Merrill Lynch from 1976 until it was liquidated on March 10, 1980. Defendant Larry Tyree was the account executive in charge of Gargallo's margin account. Following liquidation of the account, Merrill Lynch brought a collection suit in the Ohio courts, seeking payment of about $17,000 Gargallo owed on the account. Gargallo counterclaimed under state and federal law. The federal law claims alleged that Merrill Lynch unlawfully liquidated the margin account, in violation of 15 U.S.C. § 78g(c) and Federal Reserve Board Regulation T, and unlawfully "churned" the account to reap excessive commission fees, in violation of 15 U.S.C. §§ 78i, 78j, 78j(b). Gargallo's allegations refer only to trades conducted between January 11, 1980 and March 10, 1980.
 
 
 5
 The state court dismissed all counterclaims under Ohio Civil Rule 37 for Gargallo's refusal to comply with discovery requests. The Ohio Court of Appeals affirmed. Gargallo then filed this suit in the United States District Court for the Southern District of Ohio, this time naming Tyree as a defendant as well as Merrill Lynch. The district court granted summary judgment to defendants Merrill Lynch and Tyree on the grounds of res judicata and collateral estoppel, respectively. As noted above, we reversed and remanded.
 
 
 6
 The parties conducted additional discovery, and each moved for summary judgment. The district court granted summary judgment in favor of defendants Merrill Lynch and Tyree. The district court dismissed Gargallo's claim alleging margin account violations after holding that section 78g(c) and Regulation T do not provide for a private cause of action by a broker's customers. Gutter v. Merrill Lynch, Pierce, Fenner & Smith, 644 F.2d 1194, 1197-99 (6th Cir.1981), cert. denied, 455 U.S. 909 (1982). The district court then held that defendants were entitled to judgment as a matter of law on the churning claim as well as on Gargallo's failure to raise a genuine issue of material fact regarding Merrill Lynch's discretionary authority or de facto control over his margin account, a required element of a churning action. M & B Contracting Corp. v. Dale, 795 F.2d 531, 533 (6th Cir.1986).
 
 
 7
 Gargallo appeals from the district court's order granting defendants' motion for summary judgment as well as several other decisions issued in favor of defendants.
 
 II.
 A.
 
 8
 A district court's order granting summary judgment is reviewed de novo. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The substantive law of the case identifies which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A moving party may discharge its burden "by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). Where the moving party has met its initial burden, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250. "[P]laintiff, to survive the defendant's motion, need only present evidence from which a jury might return a verdict in his favor." Id. at 257.
 
 
 9
 Gargallo assigns numerous errors to the district court's order granting summary judgment in favor of Merrill Lynch and Tyree on all federal claims, dismissing state law claims, and denying his own motion for summary judgment based either on the evidence presented or on procedural grounds. Gargallo's arguments are uniformly meritless.
 
 B.
 
 10
 Gargallo argues that the affidavits and depositions on file establish his claims for margin violations and churning as a matter of law and that the district court thus erred in granting summary judgment to defendants on those claims.
 
 1.
 
 11
 Section 7(c) of the Securities and Exchange Act of 1934 makes it unlawful, inter alia, for brokers to extend credit to any customer "in contravention of the rules and regulations of which the Board of Governors of the Federal Reserve System shall prescribe...." 15 U.S.C. § 78g(c). Gargallo asserts that Merrill Lynch and Tyree violated the margin account rules by liquidating his account prematurely and failing to give him seven days to meet his margin call and improperly closed his account without providing him adequate time to meet margin calls. We have ruled previously that no private cause of action exists for alleged violations of section 78g(c) or Regulation T. Gutter, 644 F.2d at 1197-99. The district court properly dismissed Gargallo's first claim.
 
 2.
 
 12
 We next address Gargallo's churning claim. "Churning" is essentially the fraudulent overtrading of a client's brokerage account in order to generate inflated sales commissions. Craighead v. E.F. Hutton & Co., 899 F.2d 485, 489 (6th Cir.1990). Under 15 U.S.C. § 78j(b), it is unlawful to use any facility of any national securities exchange to employ "any manipulative or deceptive device or contrivance" in connection with the purchase or sale of securities. There are three elements to establishing a churning claim: 1) the trading must be excessive in light of the customer's investment objectives; 2) the broker must exercise control over the account; and 3) the broker must act with intent to defraud or with willful and reckless disregard to the customer's interests. M & B Contracting Corp., 795 F.2d at 533.
 
 
 13
 In its opinion and order, the district court thoroughly and completely examined each of the securities purchased on the account during the relevant time period and determined that there was no evidence to support a reasonable conclusion that defendants at any time controlled Gargallo's account. Our review of the record leads us to the same conclusion. The evidence clearly establishes that Gargallo exercised sole discretion over his account with Merrill Lynch. In deposition testimony, Gargallo admitted that "I repeat to you 100 times, I discussed with Mr. Tyree all the transactions I did" and pointed to only one transaction that was allegedly carried out without his giving out his instructions to Tyree, a sale of 1000 shares of Gulf Canada.
 
 
 14
 Moreover, as the district court properly noted, Gargallo was an educated man and holder of a doctorate; he kept extensive notes on several of the securities, closely monitored his account, often residing at the Merrill Lynch offices to follow the Quotron; and he placed his orders according to his own research of the market. Gargallo plainly shows the intelligence and understanding necessary to evaluate recommendations of the broker and just as plainly had the final word on all transactions. See Follansbee v. Davis, Skaggs & Co., 681 F.2d 673, 677 (9th Cir.1982).
 
 
 15
 Gargallo controlled his margin account. His churning claim, therefore, must fail.
 
 3.
 
 16
 Gargallo also asserts that the district court erred in failing to address his claims under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961 et seq. We find no reference to civil RICO claims in Gargallo's motion for summary judgment nor in his opposition to defendants' motion for summary judgment. Nor does any such claim appear in the complaint. Thus, there is no basis to hold the failure of the district court to address RICO claims to be error. Moreover, Gargallo does not once set forth any argument as to how the alleged actions of defendants constituted a RICO violation.
 
 C.
 
 17
 Gargallo next argues that the district court erred in denying his motion for a default judgment or judgment on the pleadings on the grounds that defendants failed to serve timely answers to the complaint and in extending the time for defendants to answer. In the previous appeal in this case, we held that Gargallo's various questions "regarding defendants' compliance with court deadlines and the district court's enforcement of those deadlines" were "meritless." Gargallo, 915 F.2d at 664. Having already rejected these arguments, we will not address them again.
 
 D.
 
 18
 In his final assignment of error with respect to the order granting defendants' motion for summary judgment, Gargallo argues that the district court erred in refusing to exercise jurisdiction over the state law claims because they arise from the same operative facts. This was not error. Where all federal claims are dismissed prior to trial, pendent state law claims should be dismissed as well. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Kurz v. Michigan, 548 F.2d 172, 175 (6th Cir.), cert. den., 434 U.S. 972 (1977). It is within the discretion of the district court, however, to retain jurisdiction over pendent state law claims even after all federal claims have been dismissed, where all of the claims arise from a common nucleus of operative facts. Sarin v. Samaritan Health Center, 813 F.2d 755, 759 n. 5 (6th Cir.1987). In this case, the district court acted within its discretion in dismissing Gargallo's state claims after granting defendants' motion for summary judgment on the federal law claims.
 
 III.
 
 19
 Gargallo next claims that the district court erred in failing to grant his motions to compel the discovery of "legible" copies and other certain documents. The requests include documents relating to trading on Gargallo's margin account, Tyree's trading on his own account, and Tyree's 1980 tax return. The first two document requests involve documents that Merrill Lynch claims no longer exist and were determined by the district court to be irrelevant; the latter involves a document available to, but not requested by, Gargallo until very late in this case.
 
 
 20
 The district court retains broad discretion in managing discovery and an order denying further discovery will constitute reversible error only where it was an abuse of discretion and resulted in substantial prejudice. Ghandi v. Police Dep't of City of Detroit, 747 F.2d 338, 354 (6th Cir.1984).
 
 
 21
 We need note only briefly that these discovery requests involve Gargallo's assertions that Tyree was trading in the same securities as Gargallo and that Merrill Lynch was manipulating the market to Gargallo's detriment and are unrelated to his margin account and churning claims. Moreover, Gargallo also offers only conclusory assertions of prejudice. None of the discovery rulings constitutes an abuse of the district court's discretion.
 
 IV.
 
 22
 Gargallo also assigns error to the district court's denial of his motion for expenses under Fed.R.Civ.P. 56(g). Rule 56(g) provides that if the court should be satisfied that affidavits attached in support of a Rule 56 summary judgment motion are offered in bad faith or solely for the purpose of delay, "the court shall forthwith order the party employing them to pay the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur...."
 
 
 23
 As part of a flurry of motions filed in the weeks prior to and following summary judgment, Gargallo moved for an order requiring defendants to pay his expenses incurred in opposing defendants' motion, dated December 18, 1981, to dismiss or for summary judgment. Defendants' summary judgment motion was based on res judicata arguments arising from the earlier state court disposition in favor of Merrill Lynch. The argument was accepted by the district court but ultimately rejected by this court in our prior published opinion in this case. See Gargallo, 915 F.2d at 662-64. Gargallo argues that our disposition of the claim and issue preclusion issues somehow suggests that defendants' affidavits in support of summary judgment, filed in 1981, were made in bad faith and filed solely for the purpose of delay.
 
 
 24
 The district court found that the affidavits were filed in good faith and that defendants' motion for summary judgment involved complex and debatable legal issues. It therefore refused to order the payment of expenses by defendants under Rule 56(g).
 
 
 25
 Gargallo's argument is, of course, without merit, given the substantial and complex legal issues involved in the prior appeal. Defendants' request for summary judgment on res judicata and collateral estoppel grounds was obviously not frivolous. The district court's conclusion that the motion and affidavits were filed in good faith was, therefore, proper and not clearly erroneous. Gargallo is not entitled to any expenses under Rule 56(g) and to award them would have been error.
 
 V.
 
 26
 Finally, Gargallo claims that the Honorable James L. Graham of the United States District Court for the Southern District of Ohio, Eastern Division, erred in denying Gargallo's motion for recusal.
 
 
 27
 After the district court had granted summary judgment in favor of defendants, Gargallo filed a motion under 28 U.S.C. §§ 144 and 455, claiming that the Judge Graham was personally biased against Gargallo and that the judge had impermissibly relied on extrajudicial sources, specifically, the state court judgment in favor of Merrill Lynch, in deciding this case. On appeal, Gargallo adds that Judge Graham's prior career as a successful attorney representing "major corporations" establishes a conflict of interest in this case of David versus Goliath. Merrill Lynch is, of course, a major corporation. It is suggested that this fact and Judge Graham's numerous rulings against Gargallo manifest an obvious prejudice against little guys like the pro se plaintiff.
 
 
 28
 Under 28 U.S.C. 455, a federal judge is required to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned" or in other specific situations involving a conflict of interest. The standard for recusal is an objective one, asking whether a reasonable person, knowing all the surrounding circumstances, would consider the judge impartial. United States v. Hurst, 951 F.2d 1490, 1503 (6th Cir.1991).
 
 
 29
 Judged according to these standards, Gargallo's assertions of prejudice and conflict of interest are patently meritless. The motion for recusal was properly denied.
 
 VI.
 
 30
 We find no merit to the numerous assignments of error raised on appeal. Upon review, we find the district court's opinions and orders in this case to be complete, well reasoned, and correct. The district court's orders granting defendants' motion for summary judgment and denying plaintiff's motions to compel discovery, for costs under Fed.R.Civ.P. 56(g), and for recusal are AFFIRMED.
 
 
 
 *
 The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation